## GENERAL COURT, OCTOBER TERM, 1797.

### Mantz vs. Collins.

DEBT upon a writing obligatory, dated the 10th of December 1789, conditioned that the defendant, the obligor therein named, (being a deputy sheriff and deputy collector under the appointment of the obligee, the plaintiff, who was then sheriff of Frederick county) would execute all precepts directed to the sheriff of Frederick county, in certain hundreds in the said county, therein particularly specified, and make true returns thereof; "also to account for, and pay and satisfy the said *Mantz*, all sums of money and tobacco, which he the said *Collins* shall or may be intrusted or entitled to receive, or ought to have collected or received as deputy sheriff, under him the said *Mantz*, as often as he shall be thereto required by the said *Mantz*; and also save harmless, and keep indemnified the said M. from all suits, damages, &c. which he the said M. shall or may be put to by the neglect or misconduct of him the said C. in the execution of his duty of deputy sheriff and collector; and in all other things as deputy sheriff of Frederick county in the said hundreds, shall demean himself well and honestly, &c. so long as he shall continue to act as such under him the said M." &c.

At the second term, viz. May 1795, the defendant pleaded *general* and *special performance* of the condition of the bond.

At May term 1796, *Abner Ritchie* and *Lawrence Brengle* were, on motion of the plaintiff, appointed to *audite* the accounts between the parties, according to the act of assembly, and a commission of *audita* issued to them the 2d of June 1796. The cause was continued to October 1796, by order of court; and no report being made by the auditors at that term, the cause was further continued by order of court until May 1797; at which last mentioned term the auditors made their report as follows, viz. " We do hereby certify to the honourable the judges of the general court, that in pursuance of the within appointment, in the presence of the parties, plaintiff and defendant, who attended for the purpose, we received, heard and determined, the accounts between them. as by an account stated, and hereunto annexed, will shew and explain. Given under our hands and seals this 3d of October, 1796," &c.

*Mason*, for the defendant, moved the court to quash the auditors report; and in support of his motion he cited 1 *Mod. Ent.* 44, 56, 66.

Oct. 1797.

Mantz
vs.
Collins.

CHASE, J. *(a)*. The court are of opinion, that on the order to appoint, and the appointment of auditors, under the act of assembly, there must be the same proceedings as in cases of actions of *account*. In this case the court quash the report made by the auditors.

The cause was continued by consent of the parties, under a rule upon the plaintiff to reply to the defendant's pleas.

At the next term, (October, 1797) the plaintiff replied to the defendant's pleas, similar to the replication in 2 *Harr. Ent.* 407, stating, that "there was due and owing from sundry inhabitants of the said several hundreds, on several executions against them, the sum of 123*l.* 11*s.* 2*d.* current money, and also the further sum of 39*l.* 8*s.* 7*d.* current money, for fees arising due on executions; and also the further sum of 61,341 pounds of tobacco, for officers and lawyers fees," &c.

The defendant rejoined to the *first replication,* that there was not due and owing, &c. the said several sums of, &c. And to the *second replication* that he the said *Collins* was not authorized, &c. to demand, &c. nor did he demand, &c. the aforesaid several sums of, &c. Issues joined.

BILLS OF EXCEPTIONS.

1. The plaintiff at the trial, to support the issues joined, produced a witness, and offered to prove by him, that the defendant admitted to him that there were due and owing from the inhabitants of the several hundreds in the pleadings mentioned, the sum of 123*l.* 11*s.* 2*d.* current money, upon sundry executions delivered to him the defendant as deputy sheriff; and also the sum of 39*l.* 8*s.* 7*d.* current money, for sheriff's poundage fees upon executions; and that the said several sums the defendant admitted he had received.

The defendant by his counsel, objected to the admission of this evidence, unless the judgments or executions themselves, upon which the said money was alleged to be due, or a copy of them, under the seal of office in which the same were obtained, or from whence the same issued, were produced.

CHASE, J. *(b)* The court are of opinion in this case, that the plaintiff may offer evidence of the admission of the defendant that he had received the sum of 162*l.* 19*s.* 9*d.* on executions put into his hands as deputy sheriff, without producing the executions.

The objection was therefore overruled, and the witness was permitted to give evidence of the defendant's admissions to the jury, without producing either the said judgments or executions, or copies of them, upon which the said sums of money were alleged to be due.

*(a)* GOLDSBOROUGH Ch. J. absent.
*(b)* DUVALL, J. concurring. The Ch. J. did not attend.

The defendant excepted, &c.

2. The plaintiff offered evidence to prove, that he, the plaintiff, in the years 1790 and 1791, in due time put into the hands of the defendant, to be collected, 178,666 pounds of tobacco, due for officers and attorneys fees, from persons residing in the hundreds, in the condition of the bond mentioned, which the said defendant received to collect.

The defendant objected to the admissibility of this evidence as not sufficient to support the issues in this cause joined.

CHASE, J. The court are of opinion, that the sheriff is responsible for the amount of officers and lawyers fees put into his hands for collection, within the time limited by law, unless he makes his return to the officers and lawyers of insolvents, &c. within the time prescribed by law; and that the deputy sheriff (the defendant in this case) is liable to the amount received by him for collection in the hundreds specified in the pleadings, unless he made a return to his principal, of insolvents, &c. in due time for him to make a return to the officers and lawyers, or otherwise legally discharged himself.

The court are therefore of opinion, that the evidence is sufficient to support the issues in this cause joined upon the part of the plaintiff, unless the defendant can show that he has made a return in due time to the plaintiff of insolvent fees, or otherwise legally discharged himself from the payment of the same. The defendant excepted. Verdicts for the plaintiff upon both issues, and judgment thereon. See 2 *Harris's Entries,* 194.

The defendant appealed to the court of appeals. The appeal was argued in that court by *Mason* and *Shaaff,* for the appellant, and by *Key* for the appellee.

*Shaaff,* for the appellant. The *first objection* is, that by the act of assembly of 1785, ch. 80, s 12, on the appointment of auditors there shall be the same proceedings as in actions of account.

In this case on quashing the audit, the court proceeded to try the cause, and gave judgment on the verdict of the jury.

I contend, that the cause being once by a judgment of the court before auditors, the judgment must be for the arrears they award, or on default for the whole value; and that on quashing the report the court could not take up the cause and try it again.

In an action of *account* there are two judgments; the first *quod computet,* which is only interlocutory—the last final for the arrears, &c. 1 *Shep. Ab.* 11, 14. 11 *Co.* 38 *a.* 1 *Brownl.* 25.

The auditors must appoint a day, and may adjourn *de die in diem;* and if the defendant does not attend, they

may issue *capias ad computandum.* 1 *Com. Dig.* 93. 1 *Vin.* 171. 1 *Mod. Ent.* 66.

The defendant may plead before auditors, if any fact is denied; and on demurrer or issue, the case comes to the court to be tried; but he can plead nothing before auditors which might have been pleaded to the action.— 1 *Bac. Ab.* 21. 1 *Com. Dig.* 93. 3 *Wils.* 73. 1 *Mod. Ent.* 42, 52, 43, 55, 66.

The nature of the proceeding shews, that the proceeding should be before the auditors, and any subsequent judgment founded on their proceedings, because the first judgment *quod computet* is an interlocutory *judgment;* and having determined that the parties should account, it is in contradiction to that judgment to try the cause in court on the pleas put in, in court, or on any other pleas than those before the auditors.

On quashing this report the court ought not to have proceeded to try the cause on the pleas to *the action;* but ought to let the party proceed before the auditors on the appointment of the court. The judgment of the court that auditors be appointed was still in force.

The proceedings before the auditors may be erroneous, and judgment on their report wrong, and yet the judgment *quod computet* regular, and the person entitled to proceed by *capias ad computandum.* *Cro. Eliz.* 19, 806. 1 *Vin.* 174. 1 *Mod. Ent.* 170.

The proceeding is not in the nature of awards, but on a different ground. The court in this case admitted the necessity of proceeding according to the action of account. They quashed the proceeding of the auditors, because they gave no day to the party, &c. The cause is continued until final judgment. 11 *Co.* 38 *a.*

SECOND OBJECTION. *The cause is discontinued by the continuance law.*

It is certain this cause has been on the docket longer than is allowed by the act for continuing actions.

The question is, does the judgment appointing auditors, being an interlocutory judgment, take it out of the continuance law?

It must either be such a judgment as will let in the effect of the first objection, or will come under the continuance law.

Taking the case as regularly in court,

THIRD OBJECTION. *The replications do not state the different persons from whom the money was due on execution.* See 2 *Burr.* 773. *Lucas* 227. The reason assigned is, that many *breaches* cannot be assigned; but since the act of 1785, *ch.* 80, *s.* 13, on the plea of *performance* the real damages is to be found; and how is that to be done except all breaches are set out?

FOURTH OBJECTION, on the *first bill of exceptions*. The record ought to be produced, being the best evidence.— The best evidence is always required. *Gilb. L. E.* 15, 16, 17.

Here are two things necessary to be proved, *first*, there was money due on executions; and *secondly*, that the executions came to his hands, and that he received the money.

The first is a matter of record, and must be proved by the record alone. The second is a matter of fact, and to be proved as other facts.

The defendant's admission of having received executions, &c. is no evidence of that; the record alone must be resorted to.

If one produce a lease made upon an outlawry he must produce the record of outlawry. 12 *Vin.* 61. One cannot give an account of the substance of a letter, but must produce the letter. 12 *Vin.* 62. If the record is the best evidence, the acknowledgment of the defendant will not dispense with the necessity of producing it. 12 *Vin.* 176. *Lord Ray.* 733. The subscribing witness to a bond must be present, and the acknowledgment of it will not be admitted to be proved. 1 *Esp.* 89, 300.— *Doug.* 205, 216.

On a sale by a sheriff of a term under *fi. fa.* it is not necessary to produce a copy of the judgment. 12 *Vin.* 251. *Taylor's Rep. N. C.* 107.

FIFTH OBJECTION, on the *second bill of exceptions*. The form of the bill of exceptions is, that the evidence is sufficient to support the issue. This is improper on three grounds.

1st. Because the jury, and not the court, are the judges of the weight of evidence; and whether sufficient to support the issues, was for the jury alone to say.

2d. Because there are two issues—*one* that there was not the money and tobacco due on executions, execution fees, and officers fees. The other that the defendant had no authority to receive them, &c.

This surely can be no evidence as to the executions.

3d. That the *sheriff* must, before he can make his deputy answerable, prove more than a delivery. He must prove debtors solvent; that the fees were collectable, properly made out, &c.

The case between the sheriff and his deputy is the common case of a principal and deputy, in which the latter is not answerable, except on default, &c. By the express condition of this bond he is only to account for what he might collect, &c.

THE COURT OF APPEALS gave no judgment. The case was entered *agreed*, at November term, 1799.

*Oct. 1797.*

Mantz
vs.
Collins.