*Certiorari* to the Quarter Sessions of Mifflin county, in the case of a private road from the house of John Kyle, to intersect the Penn's Valley road.

No general rule can be laid down, as to the definite points where a road shall begin and end, being necessary to be stated in the petition. *Id certum est quod certum reddi potest.* A road leading from a certain house into a public road, may be confirmed as a private road, though the viewers have not reported that it was necessary as a private road. And the order of confirmation need not specify how it must be opened and kept in repair.

FROM the record it appeared, that John Kyle had petitioned for a road from his house to the Penn's Valley road, at August sessions 1804. Viewers were appointed thereon, but no return having been made at November sessions following, the order was continued. The viewers reported to January sessions 1805, " that there was a necessity for a road in their opinion," and returned the same by courses and distances, together with a *draft thereof (without distinguishing whether it should be a public or private road.) At the same sessions, a petition was presented by Matthew Taylor against the road, stating the same to be unnecessary and of no use to Kyle, whereupon re-viewers were appointed ; but no return having been made to April sessions following, except by two of the re-viewers, the court confirmed the road as a private road, to be laid out 16 feet wide, and to be opened by Kyle the petitioner. [*515

Mr. Watts took the following exceptions to the proceedings.

1st. There is no definite point stated at which the road shall end in the original petition. This has often been held necessary. The Penn's Valley road is too vague and uncertain. Where does it begin and end ?

[Kyle's and Penn's Valley Road.]

2d. The viewers have not stated in their report, whether they judged the same necessary for a public or private road. This is required by the express words of the act of 6th April 1802. 5 St. Laws 179.

3d. The court have not, when they confirmed the road, directed that it should be opened and kept in repair at the expence of the persons petitioning for and using the same.

To these objections, Mr. Duncan answered.

1st. The Penn's Valley road is known specially by that name. It is a large public road much used, and the legislature have granted money for its improvement. It is therefore a definite point, where the road is to end.

2d. The original petition is virtually for a private road, from Kyle's house to the great road, which appears to be little more than one mile distant. The words of the 17th section of the act designate the roads thus described as private; and the viewers had no discretion to lay it out as a public road.

3d. The keeping of the private road in repair, by persons for whose use it is laid out, follows the confirmation as a necessary result, under the words of the proviso in § 17.

TILGHMAN, C. J. The first exception is grounded on the supposed want of definite points, where the road applied for shall begin and end. No general rule can be laid down which shall universally prevail in such cases. But here was a *terminus a quo*, the dwelling house of Kyle, and a *terminus ad quem* the Penn's Valley road, well known as a great road, and the distance between them not much more than one mile. The maxim *id certum est quod certum reddi potest* is applicable here; and I can see nothing in the first objection.

*I also incline to think the second objection ill grounded; though it is not free from doubt. I compare the 1st and 17th sections of the act together; and the words in the latter section, "and if such road is found to be necessary," have great weight with me, as they vary from the phraseology of the former section. Besides nobody is injured; the parties who apply for, and use the road, pay all damages to the owners of the ground, through which it is carried; and moreover, are obliged to open it and keep it in repair at their own expence. And as to the last exception, it was not necessary, that the court should specify in their confirmation, what the law had provided for, in plain and direct terms.

YEATES, J. The first objection against this road, is fully answered by the remark, that the petition of Kyle pursues the very terms of the 17th section of the act of 6th April 1802.

When the sessions confirm a private road and direct its breadth, the law draws after it the consequences of its being opened and kept in repair, by the persons applying for, and

[Albright, in Error, *v.* M'Ginnis.]

using the road; but the same need not be specified in the order of confirmation.

Captious exceptions against roads should not in my idea, be indulged; but the substantial parts of the act should certainly be pursued.

It seems to me, that the return of the viewers upon this occasion, is substantially defective. The 17th section directs, that upon application for a private road, the return of the viewers shall be made "in the same manner, as is before directed by this act." By recurring to the 1st section, we find that mode prescribed, viz. "the viewers shall make report of the road, "stating particularly whether they judge the same necessary "for a public or private road," &c. And the directions of the law in this particular not being complied with, I am of opinion, that the return of the viewers is erroneous. But I declare this opinion with some diffidence, the other members of the court thinking otherwise.

SMITH, J. The viewers had no power to return this as a public road, and the second objection fails on that ground, in my opinion.

Mr. Watts observed, that Kyle's petition did not pray for a private road.

SMITH, J. The road was from his house into the Penn's *Valley road; which in the language of the 17th section is a private road.    [*517

BRACKENRIDGE, J. concurred with the chief justice.

Judgment of the sessions affirmed.