The opinion of the court was delivered by
Tilghman:, C. J.
Certain persons petitioned the Court of Quarter Sessions of Cumberland county, for a private road, leading from the dwelling house .of Matthew Miller, (then occupied by Isaac Vanorsdale,') to the public road leading from Carlisle to Harrisburg, commonly called the “ Trindle Spring Road.” After several views and reviews, apublic road was laid out and confirmed by the court.» The proceedings have been brought before us by certiorari; and are now opposed by Matthew Miller, the proprietor of the dwelling house, and adjoining land mentioned in the petition, (who was not one of the petitioners,-) and also by sundry inhabitants of the township in which the road is situated. The following objections were made to the proceedings : — 1. That the petitioners had no interest in the dwelling house from which the road was to run. 2. That there was no point, specified in the petition, at which the private road was to intersect the Trindle Spring Road. 3. That on a petition for a private road, it was not lawful to lay out a public road.
*37 The second objection was very properly relinquished, because it was decided by this court, in the case of Kyle’s road, 4 Yeates, 514, that the description of the road prayed for is sufficiently certain, beginning at a dwelling house which is known, and ending at a public road. The point at which the public road was to be intersected, was left to the judgment of the viewers, who would lay out the private road and report it to the court. As to the 1st objection, “ that the petitioners had no interest,” it would not be easy for this court to decide how the fact is, and it is not very material as the cause may be decided on the 3d objection. Private roads are to be paid for by the petitioners, and opened and kept in repair at their expence. It is therefore a circumstance which strikes us at first blush as very extraordinary, that when a private road is prayed for, the petitioners should not be indulged in their request to pay for it, and keep it in repair, but all this charge should be thrown on'the public. In the case before the court, I have heard no good reason assigned for a public road. All that was wanted was a passage from the house of Matthew Miller, to the public road, a distance of a few perches. And when it is considered, that Miller himself objects to a public road, as extremely inconvenient, in consequence of the right which it gives to every man to pass over his property, up to the very door of his dwelling house, it is difficult to conjecture on what principle a public road was. granted] The right of the Courts of Quarter Sessions to lay out roads, depends upon statute; for .at common law they have no such-authority.. We have an act on that subject, passed the 6th April, 1802, Kurd. Dig. 586. on which this case depends. ' By the 1st section, the court is authorised, on a petition for a public ov,private road, to appoint a certain number of persons who are to view the ground, and if they are of opinion that a road is necessary, they are to lay it out, and make report of their proceedings to the court, with a plot of the road; and they are to give their opinion, whether a public or private road is necessary. If the court approves of the report, the road is to be established and recorded. From the general expressions of this section, it would appear, that in case, of all petitions, whether for public or private roads, the viewers are to judge, whether the road should be public or private. Butin the 17th section, the case of private roads is particularly mentioned, and in order to form an opinion of the meaning of the law, the 1st and 17th sections are to be compared. The 17th section enacts, that on the petition of any person or persons, for a road, from, the plantation or dwelling house of such person or persons, to or from the public highway , or to any place of necessary public resort, the court is to direct a view, and report, in the. manner prescribed in the 1st section, and if such road be found necessary, the court shall direct of what width it shall be, so as the same shall not exceed 25 feet, and such road shall be recorded. It is to be opened and kept in repair, at the expense of the petitioners and of those who make *38 use of it, and if it is carried through any naan’s ground, the damage thereby occasioned is to be valu'ed, and paid by the petitioners and those who make use of it, in passing to and from their dwellings. According to the 17th section then, when a road is petitioned fo'r, from a man’s dwelling house to a public road, all that the viewers ought to consider, is, whether it be necessary, and if it be, it is to be paid for, opened, and kept in repair, at the expense of the petitioners, &c. Taking the 1st and 17th sections together, we may conclude, 1st, that whenever a public road is petitioned for, the viewers are to give their opinion whether it should he public or private. 2d, When a road is petitioned for, from a man’s dwelling house to. a public road, this is in nature of a private' road, and the viewers are not to express any opinion on that subject. There may he cases in which a few persons may wish for a road from one public road to another, or from one place to another, in which the public has not much concern, and in such eases, it is very proper that the viewers should give their opinion whether the road should be public or private. But when a passage is asked, from the land of an individual to a public road, it is ’scarce possible that the public should have any interest , in it, and it would therefore be unjust, that it should ,be paid for, opened, or kept in repair at the public expense. This subject was brought before the court, in the case of Kyle’s road, reported in 4 Yeates, 515. The point now under consideration was, hot expressly decided. But Judge Smith expressed his opinion, that the viewers, on a petition like the present, had no right to return' a public road, and a majority of the court appeared to incline-to the.same sentiment.'- It is a matter in which the public has a considerable interest. For the people may he burthened to an unknown extent, if they can be made chargeable i with roads laid out solely for the accommodation of private persons. Upon an attentive consideration of the whole act of assembly, I am of opinion, that a road from the plantation or dwelling house of the petitioner, to, or from, the public highway, or to any place of public resort,-as described in the 17th section, is a private road, to be laid out, paid for, and kept in repair at the expense of the petitioners, &c. in the manner prescribed in that section, and that there is no authority in any court of Quarter Sessions, to have it laid out ,as a public road. The proceedings in the case now before us, are therefore to be quashed.
Proceedings quashed.