BARRY, (BANK OF THE UNITED STATES v.) See Case No. 907.

---

## Case No. 1,060.

### BARRY v. BARRY.

[3 Cranch, C. C. 120.] [1]

Circuit Court, District of Columbia. May Term, 1827.

ACCOUNT—PRACTICE—PARTNERSHIP—EVIDENCE.

1. When the accounts of the parties, in an action at law, are referred by the court to an auditor, the party excepting to the report will have the same benefit, at the trial of the issue, (to the extent of his exceptions,) as he would have had if he had formally pleaded or demurred before the auditor, according to the English forms of proceeding in actions of account. What is not excepted to, will be considered as admitted. The auditor's report is of no avail, but to ascertain the points really litigated by the parties.

2. The court will permit only so much of the report to be read to the jury as states the items claimed by either party, and objected to by the other, so as to show what is litigated by the parties.

3. Items of partnership account cannot be recovered in a suit at law by one partner against the other. if the joint concerns have not been settled. The accounts current rendered by each to the other are admissible in evidence, to show, by the admissions of the parties, that the items are not items of partnership account.

4. In an action upon an open account, the plaintiff may give evidence of any item of which the defendant has had reasonable notice; and the exhibiting and filing a claim for a particular item before the auditor, will be considered as reasonable notice of such claim.

5. The proceedings in equity, in a cause in which the present plaintiff and defendant are parties, may be read in evidence, to show that the defendant had charged to another account

[1] [Reported by Hon. William Cranch, Chief Judge.]

some of the articles charged against the plaintiff in the present action.

6. If an account current be received and kept without objection, except as to particular items, the person so receiving it may still surcharge, and falsify as to other items.

At law. This was an action at law [by James D. Barry against Robert Barry] claiming $27,527.04, as a balance of account due by the defendant to the plaintiff. It was commenced by attachment, under the Maryland act of 1795, c. 56; but the defendant appeared and gave special bail, and dissolved the attachment. The accounts between the parties appearing to the court to be very complicated, the court referred the accounts to an auditor, under the 12th section of the Maryland act of 1785, c. 80, which authorizes the court "to order the accounts and dealings between the parties to be audited and stated by an auditor or auditors, to be appointed by such court, and there shall be such proceedings thereon as in cases of actions of accounts."

The auditor stated an account, showing a balance of $17,517.68, due by the defendant to the plaintiff. The defendant excepted to certain items of the statement.

THE COURT (MORSELL, Circuit Judge, absent) said that the defendant would have the same benefit at the trial of the issue, (to the extent of his exceptions,) as he would if he had formally pleaded or demurred before the auditor, according to the English form of proceedings in actions of account. That the auditor's report is of no avail, but to ascertain the points really litigated by the parties; and that what is not excepted to will be considered as admitted.

At the trial before the jury, at December term, 1826, Mr. Jones, for the plaintiff, offered to read the report of the auditor.

Mr. R. S. Coxe objected. The report is an award, which the auditor in "account" has no power to make. He was only to state the accounts, and ascertain what items were disputed. The practice of Maryland, under the statute, is like that in "actions of account." Mantz v. Collins, 4 Har. & McH. 65; Godfrey v. Saunders, 3 Wils. 113; Finney v. Harbeson, 4 Yeates, 514.

Mr. Worthington, on the same side, cited Com. Dig. tit. "Accompt," E, 15; Crousillat v. McCall, 5 Bin. 435, 438; De Sobry v. De Laistre, 2 Har. & J. 221; Consequa v. Fanning, 3 Johns. Ch. 587.

THE COURT (nem. con.) permitted only so much of the report to be read to the jury as states the items claimed by either party and objected to by the other, so as to show what was litigated by the parties; and refused to permit him to read arguments or statements of evidence, made by the auditor in his report.

The defendant having offered evidence that the plaintiff and defendant had been in partnership in a tan-yard, and it appearing that some of the items in the plaintiff's account were for leather, which the defendant suggested might be their joint property,

THE COURT (nem. con.) said that the accounts might go in evidence to the jury, and that it was competent for the defendant to prove that any items in the accounts were really for the joint concern, and, if the jury should so find them, and that the partnership concerns were not settled, they could not, in this cause, find for the plaintiff as to those items. One of the jurors being taken very ill, a juror was withdrawn by consent, and the cause was continued to the next term, May, 1827.

Upon the trial, at this term, it appeared that the plaintiff's account, filed as the foundation of the attachment in this cause, commenced with a balance of $4,234.08; whereupon Mr. Worthington, for the defendant, objected to the plaintiff's giving evidence of any item of account not constituting part of an account the balance of which should not appear to be $4,234.08.

But THE COURT (nem. con.) refused to restrict the plaintiff to such proof, and said that the plaintiff might give evidence of any item of which the defendant had had reasonable notice; and that the exhibiting and filing of claims before the auditor would be considered as reasonable notice that he meant to rely upon such claims.

The plaintiff had produced in evidence the accounts current of the defendant against him, and relied upon surcharging and falsifying; and, in order to show that a certain charge of $9,000 ought to have been made against the estate of one James Barry, of which the plaintiff was executor, and not against the plaintiff personally, he offered to read the proceedings in a suit in equity, by Rabourg, Hearne, and the present defendant, Robert Barry, against the present plaintiff, James D. Barry, as executor, and others, as heirs of the said deceased James Barry, in which the same sum of $9,000 was charged to the estate of the said James Barry, which

THE COURT (THRUSTON, Circuit Judge, absent) permitted him to do so.

Mr. Coxe, for the defendant, prayed the court to instruct the jury, that if they should find, from the evidence, that the defendant transmitted to the plaintiff the accounts current which have been given in evidence by the plaintiff in this cause, at or about the time when they respectively bear date, and that the plaintiff retained these accounts without objection, or with objection only to particular items, it is not competent for the plaintiff, by any evidence at this time, to surcharge and falsify the said accounts, beyond such items specially objected to. Murray v. Toland, 3 Johns. Ch. 569.

But THE COURT (MORSELL, Circuit Judge, doubting) refused to give the instruction.

Mr. Coxe then prayed the court to instruct the jury, that it is incumbent on the plaintiff, in his attempt to surcharge and falsify

the accounts current transmitted by the defendant to the plaintiff, to do so by the fullest and most distinct proof, and the inaccuracy of each item so sought to be falsified; and that the jury cannot by law, without such full and distinct proof, now reject any such item.

But THE COURT refused also to give this instruction.

Mr. Coxe then prayed the court to instruct the jury, in substance, that the plaintiff cannot recover, in this action, for partnership items, unless the partnership accounts were settled, and balance struck, and a promise to pay, before bringing this suit.

Which instruction THE COURT gave.

Whereupon Mr. Jones, for the plaintiff, prayed the court, in substance, that if the joint interest in any particular articles was severed before the bringing of the suit, the plaintiff might, in this action, recover for such articles.

Which instruction, also, THE COURT gave, (nem. con.)

The jury not being able to agree, a juror was withdrawn, by consent, and the cause was continued to the next term, December, 1827, when the plaintiff withdrew his action.