# MARYLAND REPORTS.

## NOAH WISNER vs. DANIEL B. WILHELM.

*Proceedings before an Auditor appointed in pursuance of sec. 9 of Art. 29 of the Code—Power of such Auditor—Order void as not in Conformity with sec. 9 of Art. 29 of the Code—Inadmissible evidence.*

Under an order, directing the accounts and dealings between the parties to a suit to be audited and stated by an auditor or auditors appointed for the purpose, passed in pursuance of sec. 9 of Art. 29 of the Code, the proceedings before the auditors must be the same as in *actions of account* after judgment of *quod computet*.

Under such an order the auditors have no power to try all questions in dispute between the parties, upon testimony taken by them, as if they were a jury regularly empanelled for that purpose; and an order empowering them thus to try the case, is not in conformity with such section of the Code, and is void.

The report of the auditors acting under such invalid order, stating the amount due to the plaintiff, is not admissible in evidence, upon a subsequent trial of the case upon issues joined before a jury.

APPEAL from the Circuit Court for Baltimore County.

The following is added to the case as stated in the opinion of the Court:

*First Exception.*— The plaintiff having proved the signature of the auditor to his report and account, offered to read said report and account in evidence to the jury. To this reading in evidence of the report and account, the defendant objected, upon the ground that it was not competent evidence to prove the plaintiff's cause of action. The Court (YELLOTT, J.,) overruled the defendant's objection and permitted the report and account to be read in evidence ; and the defendant thereupon excepted.

*Second Exception.*—The plaintiff having offered in evidence the auditor's report and account, and evidence tending to prove an admission on the part of the defendant within three years prior to the institution of this suit, that he was indebted to the plaintiff on account, closed his case. The defendant then to maintain the issue on his part, offered to prove by the defendant, that he commenced dealing at the plaintiff's store sometime about the year 1862, buying his store goods, and delivering to him butter, eggs and other produce of his farm in payment, and that they never had a settlement of their accounts, that he frequently called upon the plaintiff for a settlement, and that he refused or neglected to settle ; that in the spring of 1866, he ceased to deal with the plaintiff on account, and never purchased any more goods from his store, except occasionally he would purchase some small articles for which he paid the cash ; that in the spring of 1866, the plaintiff was indebted to him the defendant, and that he is indebted to him now on their accounts and dealings. To all of which evidence the plaintiff objected and the Court sustained the objection, deciding that the same matters were decided by the auditor's account, and were therefore incompetent and inadmissible, and refused to permit the same to be given to the jury. The defendant thereupon excepted.

*Third Exception.*—The defendant offered evidence tending to prove that he did not make any such admissions as

Wisner *vs.* Wilhelm.

testified to in behalf of the plaintiff. The evidence being closed on both sides, the plaintiff offered the following prayer:

If the jury believe from the evidence that the defendant, within three years prior to the institution of this suit, and after all dealings between them, admitted that he was indebted to the plaintiff on the claims sued on, although he did not admit that he owed any particular amount, then such admission is sufficient to remove the bar of the Statute of Limitations, and the jury may find for the plaintiff whatever amount they may believe due him, from the evidence.

The defendant asked the following instructions:

1. That if the jury shall find the goods and other items sued for in this cause, were sold and delivered to the defendant more than three years before the institution of this suit, then the plaintiff is not entitled to recover under the pleadings in this cause, unless they shall further find a promise on the part of the defendant to pay the plaintiff, or an admission on the part of the defendant that he owed the plaintiff.

2. That if the jury shall find from the evidence, that the cause of action did not accrue within three years before the institution of this suit, and shall further find that there was a conversation between plaintiff and defendant within three years before the institution of the suit, in regard to the accounts between the parties, in which conversation the defendant stated that he owed the plaintiff, but did not owe him so much as the plaintiff claimed, and shall further find that there were running accounts between the plaintiff and defendant unsettled, then the said admission by the defendant is not sufficient in law to remove the bar of limitations pleaded in this cause.

3. That the charging of certain items, even though the jury shall find such items sued for were sold and delivered to the defendant by the plaintiff, within three years before

Wisner *vs.* Wilhelm.

the institution of the suit, does not remove the bar of limitations pleaded, as to any items charged and sued for, but not sold and delivered within three years before the institution of the suit.

4. That if the jury shall find that the defendant paid to the witness, Joseph Wilhelm, money on account of the plaintiff's store account, in the fall of 1871, such payment on account is not sufficient to remove the bar of limitations, unless they shall further find that he, the defendant, was presented with a copy of the account, or otherwise had knowledge of the character or amount of the account.

5. That the auditor's account and report, offered in evidence by the plaintiff, is not sufficient evidence of itself, and alone, to show or prove the amount of the defendant's indebtedness in this cause to the plaintiff.

The Court granted the plaintiff's prayer, and the counsel for the plaintiff conceded the defendant's first and fourth prayers. And the Court then rejected the defendant's second, third and fifth prayers.

To granting the plaintiff's prayer and rejecting the defendant's second, third and fifth prayers, the defendant excepted.

The cause was submitted to BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*John I. Yellott* and *R. R. Boarman,* for the appellant.

While the action of account is recognized in this State by Art. 29, sec. 9, of the Code, and Courts are thereby empowered to "order accounts and dealings between the parties to be audited and stated," in other actions, this is not in any sense an action of account, nor such an action as is contemplated by the Code in authorizing the appointment of an auditor to state an account. It was simply an action of *assumpsit,* the plaintiff's *narr.* being accompanied with an itemized store account, the items of that account

denied by the defendant, who also filed a plea of set-off. The accounts on either side being controverted and denied, the case involved simply issues of fact, which the Constitution of the State, Art. 15, sec. 6, guaranteed to each party the right to have tried by jury.

The parties to the case had each prepared, the one against the other, a statement of his claim, and they did not occupy those relations to each other in which "an account" between them was necessary, or even allowable by law, except as a jury might declare it by a verdict.

Section 9, of Article 29, of the Code, provides "there shall be the *same* proceedings thereon as in cases of actions of account," that is, when actions are brought " in which it may be necessary to examine and determine on accounts between the parties." It was not necessary however in this case to have any account audited or stated, but granting that it was, the appellant was entitled to the benefit of that provision of the law authorizing such action, requiring the " same proceedings " as in actions of account. The appellant denied by his pleas the sale and delivery of the articles sued for ; he relied upon the bar of limitations ; he claims the benefit of an account in bar, and " the same proceedings " as in actions of account, would give to him his constitutional right of the trial by jury on all these issues. *Alexander's British Statutes, 47, and authorities there cited; Mantz vs. Collins, 4 H. & McH., 65 ; Title Accompt, division E, 1 Comyns' Digest, 126 ; 1 Bacon's Abridgment, 51 ; 1 Selwyn's Nisi Prius, 51, note 3.*

The order passed by the Court in this cause denied to the defendant his constitutional right of trial by jury, inasmuch as it referred the case to an auditor with power "to take proofs in relation to the accounts and dealings, upon ten days' notice to the parties." The auditor's report shows he " consumed three days in the examination of witnesses in the case, and that in accordance with said order he took proofs in relation to the accounts and deal-

ings between the parties." In the absence of agreement on the part of the suitors, the Court had no power to hear and pass upon the evidence in the place and stead of a jury, and it had no right to confer this power upon any unsworn individual, simply by naming him an auditor.

The first bill of exceptions is as to the admission of the report and account of the auditor in evidence It is difficult to ascertain what elements this auditor's account possessed making it legal testimony. It was only the opinion of an individual gathered from the testimony of witnesses whom he had no right to examine, and an examination of the accounts between the parties. It was hearsay evidence and entitled to no weight. *Kimmell vs. James,* 4 *H. & McH.,* 70 ; 1 *Saunders on Pleading and Evidence,* 50.

The second bill of exceptions brings before this Court the true light in which the Court below regarded the auditor's account. There was no witness examined by the plaintiff in support of his claim ; the only witnesses examined by him were in support of the point raised by his replication to the plea of limitations, to wit : a new promise. It was certainly competent for the defendant to show by testimony that he did not owe the plaintiff anything on the cause of action, and that the plaintiff was in fact indebted to him. That his bill of particulars and the auditor's account were erroneous, were proper facts to be shown, else the trial was but a mockery. The auditor was but a ministerial officer, if any officer at all, to prepare and put in shape an account to be submitted to the Court. No statement, report, or act of his could affect the rights of the parties to the suit. His report and account were subject to exception, and could not be conclusive of any fact in issue between the parties. By the rejection of the testimony offered by the defendant, for the reason stated by the Court, that the auditor had passed upon the question of indebtedness, imparted to that ac-

count the character of a final adjudication and determination of the facts in issue. There is no law in this State authorizing the substitution of a single individual for a jury in the trial of contested cases, except by the consent of parties.

The plaintiff having offered no other evidence in support of his claim except the auditor's account, the rejection of the defendant's fifth prayer was the affirmative judicial declaration of the Court, that the auditor's account was sufficient of itself and alone, to establish the plaintiff's cause of action. It was a brief but effective act to destroy the defendant's constitutional right of a trial by jury in a case involving controverted facts.

There was error in the granting of the plaintiff's prayer. There were running accounts between the parties; no evidence that the plaintiff's account had ever been presented to the defendant, or that the defendant had any knowledge of or acquaintance with it; there had been no evidence given in the cause to show what the plaintiff's "claims" were. Under such circumstances, an admission by the defendant "that he was indebted to the plaintiff" was not sufficient to remove the bar of limitations. It was not necessary that the admission should have stated any "particular amount," but to remove the bar of the Statute it should have been unqualified and equivalent to a promise to pay. The facts of running accounts between the parties, and any qualifying declaration accompanying the admission were proper to have been found by the jury. The instruction as granted ignores the testimony of the defendant in regard to the admission, and assumes that there was no qualifying statement accompanying the admission. *Mitchell vs. Sellman*, 5 *Md.*, 376; *Stockett, Adm'r vs. Sasscer*, 8 *Md.*, 374; *Duvall vs. Peach*, 1 *Gill*, 172; *Newman vs. McComas*, 43 *Md.*, 70; *Beltzhoover vs. Yewell*, 11 *G. & J.*, 212; *Sprogle vs. Allen*, 38 *Md.*, 336.

The second and third prayers offered by the defendant correctly stated the law applicable to the bar of limitations in the case. If the admission of indebtedness was accompanied by a denial of the amount claimed, and a statement that there were running accounts between the parties unsettled, no promise to pay could be inferred from such admission.

*John T. Ensor* and *C. Bohn Slingluff,* for the appellee.

The defendant's first and fourth prayers were conceded by the plaintiff. His second and third prayers, as to the removal of the bar of limitations, are effectually disposed of by the decisions of this Court. *Peterson's Ex'rs vs. Ellicott,* 9 *Md.,* 52 ; *Quynn vs. Carroll's Adm'rs,* 10 *Md.,* 197 ; *Higdon's Adm'rs vs. Stewart,* 17 *Md.,* 105 ; *Dawson vs. King,* 20 *Md.,* 442, &c.

The defendant's fifth prayer involves the whole question to be decided. It is a question of law solely, which a jury was not competent to decide.

MILLER, J., delivered the opinion of the Court.

It appears from this record that the appellee sued the appellant at law in the ordinary action of *assumpsit.* The declaration contains a count for goods sold and delivered, the common money counts, and a count for money found due from the defendant to the plaintiff on accounts stated between them. On demand therefor the plaintiff furnished a bill of particulars consisting of an itemized store account, running from 1862 to 1872. The defendant then pleaded, 1st, that he was never indebted and never promised as alleged. 2nd, payment. 3rd, limitations, and 4th set-off. A demand was then made on the defendant for a bill of particulars of his set-off, and it was furnished consisting also of an itemized account for butter and eggs, and other articles sold to the plaintiff during the same period. The plaintiff then joined issue on the other pleas,

and replied a new promise to the plea of limitations, and the case went to trial before a jury on the issues thus made up. Nothing could be plainer than the case as it then stood. If the trial had proceeded in the regular way, there ought to have been but little difficulty in it, for it was very obvious what each party had to prove under these issues.

But after the trial had commenced, the Court of its own motion, and without consent or request of the parties or either of them, so far as the record shows, directed the jury to be withdrawn and passed an order that the accounts and dealings between the parties be referred to A. W. Perrie, who was appointed auditor for that purpose, to take proofs in relation thereto, upon ten days' notice to the parties, and to state and audit the accounts between them and report the same to the Court. The auditor subsequently made a report in which he states that in accordance with the order, he had taken proofs in relation to the accounts and dealings between the parties, and stated therefrom the within account, which shows a balance due the plaintiff of $215.07, on which he had deemed it proper to allow interest in view of all the circumstances only from the time of the institution of the suit, making the whole amount due $231.77; that he had consumed three days in examining witnesses in the case, and a much longer time in examining the books and making up the accounts from which the balance herein stated and reported was ultimately ascertained, and he therefore respectfully suggests that he ought to be allowed an additional fee of $50, over and above the $4 per day, which the parties had paid him for his services.

When this report came in the defendant filed objections to it, on the ground that the Court had no authority to make such reference, that the determination of the auditor was against the evidence in the case as taken before him, and that his proceedings were irregular and contrary to law. The Court however overruled these objections and

gave judgment on the auditor's award for $250.31 damages assessed by the Court, with interest from date and costs. The *plaintiff* then moved the Court to *strike out* this judgment for errors appearing in entering the same, and that *a trial of the case may be granted*, and the Court accordingly struck out the judgment and entered the case continued on the docket. At the subsequent term another jury was sworn to try the case, and at this trial several exceptions were taken by the defendant. The principal rulings shown by these exceptions are that the Court allowed the plaintiff to prove his claim by producing the auditor's report and account and proving his signature thereto, and held it to be of itself and alone sufficient to prove the amount of the defendant's indebtedness to the plaintiff, and refused to allow the defendant to give any proof of his set-off, or to controvert any item of the plaintiff's account. This trial resulted in a verdict and judgment for the plaintiff for $257.34 with interest from date and costs. From that judgment the defendant has taken this appeal.

The questions raised by the exceptions taken at the last trial, involve the validity of the Court's order, appointing the auditor and his action thereunder. It is to be observed that this was not a reference by rule of Court and consent of parties under Article 7 of the Code, but the Court's action was based upon section 9, of Article 29, which is a transcript of the 12th section of the old Act of 1785, ch. 80. We quote the latter and the provision is: "that in all actions brought or hereafter to be brought in any Court of law of this State, grounded upon an account, or in which it may be necessary to examine and determine on accounts between the parties, it shall and may be lawful for the Court where such action may be or remain for trial, to order the accounts and dealings between the parties to be audited and stated by an auditor or auditors to be appointed by such Court, *and there shall be such proceed-*

*ings thereon as in cases of actions of account."*    We are
not aware that this statute has ever been construed by the
Court of Appeals, and the only reported case we know of
in which it has been attempted to be put in force, is that
of *Mantz vs. Collins,* 4 *H. & McH.*, 65, tried in the Gen-
eral Court in 1797.   That was an action of debt on the
bond of a deputy sheriff and collector appointed by the
sheriff who was the plaintiff in the action, by which the
deputy agreed to account to the sheriff, as often as he
might be required, for all money and tobacco he may or
ought to have received and collected, as such deputy.
After pleas of general and special performance the Court,
on motion of the plaintiff, appointed auditors under this
law who acted and made their report, but the Court
quashed it on motion of defendant, CHASE, J., saying
"the Court are of opinion that on the order to appoint,
and the appointment of auditors under the Act of Assembly
there *must be* the *same proceedings* as in cases of actions
of account."   After this the case was tried before a jury
in the usual way, upon issues regularly made by the plead-
ings.   From this opinion of Judge CHASE, it does not
clearly appear for what reason the report was quashed, but
in the argument in the Court of Appeals by *Mason* and
*Shaaff* for the appellant, it is said the "Court in this case
admitted the necessity of proceeding according to the action
of account, and they quashed the proceedings of the audi-
tors *because they gave no day to the party."*   The report
however, states "that in pursuance of the within appoint-
ment, *in the presence of the parties,* plaintiff and defen-
dant, *who attended for the purpose,* we received, heard and
determined the accounts between them, as by an account
stated and hereunto annexed will show and explain."   If
the ground of the Court's action in quashing this report
is correctly stated by counsel, it shows with what technical
accuracy such proceedings must be conducted.   From that
time to the present, there is no reference in our Reports to

this section of the Act of 1785  This has probably resulted from the facts, first, that, in practice, the more expeditious and less cumbersome mode of procedure respecting the reference of causes to referees or arbitrators provided by the Act of 1778, ch. 21, secs. 8, &c., codified in Article 7 of the Code, and by the *Statute* of 9 and 10 *William* III, *ch.* 15, still in force in this State, (*Shriver vs. The State,* 9 *G. & J.*, 1,) has been generally adopted, and secondly, because actions of account at common law or under the Statute of 4 *Anne, ch.* 16, *sec* 27, have in recent times been in a great degree, if not entirely, superseded by resort to a Court of equity where litigants and the profession have found the remedy more convenient and expeditious. There are some cases in which this action has been *recognized* as still in force in this State, but this recognition is accompanied with the statement that it is nearly obsolete and has been seldom used.  In fact, we can find but one instance in which it has been actually resorted to in our Courts, and that is the case of *Perkins vs. Turner,* 1 *H. & McH.,* 400, tried in the Provincial Court, in 1771, more than a century since.  The attempt however of the Court below to apply this section of the Code to the plain and simple case before them, has brought us back to some of the almost forgotten learning on this subject of actions of account at common law and the proceedings in them.

It may be gathered from the decision in *Mantz vs. Collins,* as well as from the terms of the section itself, that it extends, and can be applied, to some other cases than those in which an action of account would lie.  We shall assume, (though we are far from so deciding) that it could be applied in this case.  But if applied it is clear its requirements must be met, for it expressly provides that after the auditors are appointed "there *shall be* the same proceedings thereon as in cases of actions of account." This means, at least, that the proceedings by and before the auditors must be the same as in actions of account

after judgment *quod computet* is rendered; and what are they? In 1 *Bac. Abr.*, *title Accompt, letter F*, we find the law on this point very succinctly, but completely stated thus: "In an action of *accompt* there are two judgments: the first is *quod computet*, after which the Court assigns auditors, usually two of the officers of the Court, who are armed with authority to convene the parties before them *de die in diem*, at any place that they shall appoint till the *account* is determined. The time by which the account is to be settled is prefixed by the Court; but if the account be of a long and confused nature, the Court on application will enlarge the time. If either of the parties think the auditors do him injustice he may apply to the Court; *and if the defendant denies any article, or demurs to any demand, it is to be tried and determined in Court.*" So in 1 *Comyns' Digest, title Accompt, (E* 11,) it is said: "Before the auditors the defendant may plead, and the plaintiff or defendant may join issue, or demur upon the pleadings *which shall be certified to the Court and there tried or argued;*" and again, "If the defendant plead before the auditors any matter in discharge which is denied by the plaintiff, *so that the parties are at issue,* the auditors must certify the record to the Court, who thereupon will accord a *venire facias* to try it." And the form of such certification by the auditors, of the issue made up before them and of the award of a *venire* for a jury to try it, is found in 2 *Harr Ent.*, 182. From these authorities it is plain there are some questions *of fact* and issues of law which the auditors have no power to determine, and which must be tried before the Court and by a jury, and that the right of trial by jury of such questions of fact was carefully preserved by those who framed and applied these common law proceedings. The auditors may investigate the items of the account by *examination of the vouchers,* and then perform the ministerial duty of stating it; and by *Statute* 4 *Anne, ch.* 16, *sec.* 27, they are

"empowered to administer an oath and *examine the parties*, touching the matters in question." But we nowhere find they have any power to examine *other witnesses*, and try all the questions in dispute on testimony thus taken, as if they were a jury regularly empanelled for that purpose. Here the Court's order in effect empowered the auditor to do that very thing, and his report shows that he did it. Issues had in fact been made up by the pleadings which required the plaintiff and defendant each to prove the several items of his account, and by which the correctness of each and every one of the items contained in the two bills of particulars, was disputed and denied, and a jury was actually sworn to try these issues. The Court then discharged this jury and without consent of the parties *delegated this power of trial* to an auditor. We think no case can be found in which the proceedings in an action of account would justify such an order or such action by the auditors, as we are very clearly of opinion this section of the Code does not authorize them. In fact if it were susceptible of being so used, and of the construction contended for by the appellee, it would be in conflict with the 6th section of Article 15, of the Constitution, which declares that "the right of trial by jury of *all issues of fact* in civil proceedings in the several *Courts of law* in this State, where the amount in controversy exceeds the sum of five dollars shall be inviolably preserved." We have therefore no hesitation in pronouncing this order of the Court, and the action of the auditor thereunder invalid and of no effect.

But apart from this, the appellee by his own action in the case, has precluded himself from relying upon this order and report. At *his instance,* the judgment on the report (which in an action of account is the only one in favor of the plaintiff that can follow the judgment of *quod computet,)* was stricken out, and at his instance "*a trial of the case"* was granted and a new jury sworn.

Wisner *vs.* Wilhelm.

This second jury was sworn to *try the issues* joined in the pleadings, and he could no longer avail himself in that trial which he thus sought and obtained, of what had been done by the auditor. In that trial the report of the auditor so far from being conclusive of what it stated, was mere hearsay and wholly inadmissible in evidence.

It follows from what we have said there was error in the Court's rulings in the first and second exceptions and in the rejection of the defendant's fifth prayer. As to the question of *limitations* raised by the rejection of the defendant's second and third prayers, and the granting of the plaintiff's prayer, but little need be said. There is no proof of the qualified admission stated in the defendant's second prayer, and his first and fourth were conceded. As the proof *now appears in the record*, the appellant cannot ask a reversal for any ruling on this point, and we find no error therein. What the proof may be on another trial we cannot anticipate.

> *Judgment reversed,*
> *and new trial awarded.*

(Decided 7th December, 1877.)