Mr. Justice Hagner
delivered the opinion of the court.
This action was brought on the common counts, for lumber and materials furnished,and for money due on account stated. The amount claimed by plaintiff was $3,342.30, with interest from November 7, 1878.
The defendant pleaded in abatement that certain equity suits between the same parties, which were brought to foreclose mechanics’ liens, involving the same cause of action, were still depending in this court.
Issue was joined on this plea, and the cause was tried on that issue before a jury, March 23, 1872, the result of which was a verdict and judgment for the amount of the plaintiff’s claim.
The defendant moved for a new trial, which was granted. Afterwards the defendant pleaded: 1, not indebted ; 2, payment ; and, 3, set-off; claiming on account annexed, $1,775.
The plaintiff joined issue on the pleas, and replied “ not indebted” as to the set-off’; and the defendant joined issue on this replication.
At the next term, when the case was called and before the jury was sworn, the following order was passed :
“ This case being reached for trial, and it appearing to the *362 court that it is necessary to examine and determine mutual accounts between the parties in this case, orders that the accounts and dealings between the parties in this case, as the same are stated and set out in the pleadings in this case, be ■audited and stated by the auditor of this court.”
When the auditor was about to commence his investigation under this order, the defendant interposed an objection to any proceedings before the auditor, “ because it hath not •appeared that it may be necessary to examine and determine on mutual accounts between the parties, and because the ■court had not discharged any jury before ordering the reference to the auditor.”
The auditor proceeded to take the testimony of the parties, as well as of other witnesses produced before him, and •returned a report, in which he stated, as the result of his examination, that there was due from the defendant to the plaintiff the sum of $2,812.10, as of November 7,1878.
To this l’eport the defendant filed these three exceptions :
“ 1. Because the auditor omitted to credit the defendant with the sum of $1,000 for compensation for services in building a bi’ick warehouse.
“ 2. The defendant denies that he purchased from the plaintiff the lumber and other articles mentioned in the account filed by said auditor ; denies that he agreed to pay the prices mentioned in said account for them ; denies that they are .worth such prices as are set down in said account, and denies that said lumber, &c., was delivered to or received by the defendant.
“ 8. He excepts also for other errors, uncertainties and improper charges apparent on the face of said report and ■account.”
When the cause was called for trial, the plaintiff read to the jury the order of reference and the report of Mr. Payne, the auditor, against the objection of the defendant, and thereupon rested his case and moved for a judgment for the amount stated in the report as due by the defendant. The defendant insisted upon his exceptions to the report ahd ■claimed that he had a right to a trial by jury upon the matters therein set forth.
*363 In the words of the record, the court thereupon stated to the defendant’s counsel that the defendant had a right to a jury trial upon the matters stated in his exceptions ; but should they not be sustained by proofs, the report of Jas. G. Payne, above alluded to, would be given to the jury as the basis upon which they might find a verdict; and directed •the defendant to proceed to the jury with his testimony.
The defendant thereupon introduced witnesses to prove the performance by him of work for the plaintiff, in support of his plea of set-off, and to impeach the correctness of the plaintiff’s charges for materials ; and offered to prove by his own testimony that when he remonstrated with the plaintiff for charging him in his account book at higher rates than he had agreed to supply him, the plaintiff replied, “ Oh, never mind the books ; I don’t want my clerks to know our business arrangements ; when we come to settle, and you get your bill, you can take it and mark all the prices down to those we had agreed upon.” To the admissibility of this testimony the plaintiff objected, and the first exception was taken to the overruling of this objection.
1st. If the action of the court in admitting the report of the auditor before the jury was correct, this objection was untenable. Such declarations of a plaintiff would certainly be admissible under ordinary circumstances as tending to impeach the correctness of his present claim, by proof of previous admissions that he knew it was too large. But if the report of the auditor, with the account referred to, were improperly before the jury, the evidence excepted to, with much that preceded, was irregularly presented. It therefore becomes proper to examine the Rule No. 54, under which the reference to the auditor was made, with the Maryland act of 1785, ch. 80, §12, upon which the rule was based.
The section of the act is in these words :
“ That in all actions brought or hereafter to be brought in any court of law of this State, grounded upon an account, or in which it may be necessary to examine and determine upon accounts between the parties, it shall and may be lawful for the court where such action may be or remain for *364 trial, to order the accounts and dealings between the parties to be audited and stated by an auditor or auditors to be appointed by such court, and there shall be such proceedings thereon as in cases of actions of account.”
The rule is narrower than the act, since it is confined to cases of “ mutual accounts between the parties ; whereas the statute applies as well to “ all actions grounded upon an account.”
The law is nearly a century old, and must have been repeatedly acted upon, and yet there is no reported decision in Maryland giving it an explicit construction. For in the only two cases found in the reports of that State in which it seems to have been considered, the court contented itself with pointing out the irregularities in the particular cases without stating what would have been the proper mode of procedure.
The statute was three times considered by the old circuit court in this District, and twice by this court as now organized.
But the decision in the first case of the circuit court, Barry vs. Barry, 3 Cranch, 120, is at variance with the conclusions announced in the subsequent cases of Bank vs. Williams and Bank vs. Johnson, reported in the same volume.
In Campbell vs. District of Columbia, 2 Mac Arthur, p. 533, the court only declared that the case was not a proper one for a reference. And in Strong vs. District of Columbia, 3 MacArthur, p. 499, they simply disapproved of the manner in-which the report of the auditor was presented to the jury.
We are, therefore, not much assisted in our examination of the question by the researches of our predecessors.
There had been an earlier law in Maryland, 1778 (March), ch. 9, respecting suits brought by the State against defaulting receivers of public money; by section 5 of which the general or county courts were empowered, if need be, to appoint auditors to state the accounts offered by such defendants, and to give judgment for such balance as should appear to be due on the return of such auditor.”
The act of 1785, ch. 80, evidently contemplated a less *365 summary mode of disposing of the report of the auditors to be appointed under its provisions, by declaring that there should be such proceedings upon the audit “as in cases of actions of account.”
Without going into an explanation of the mode of procedure in that antiquated and almost obsolete form of action, it is enough to say that it allowed repeated appeals, during the progress of the audit, to the court, where issues of law or of fact, as from time to time they were raised before the auditors, were triable, toties quoties, before the court or the jury, according to the nature of the particular question presented. And as it was also a principle controlling the subject that no matter in bar of the action was examinable before the auditor, such defenses as were properly pleadable in bar must have been disposed of by jury trial, or otherwise, before the judgment of quod computet, which was the necessary forerunner of the audit, was entered. Hence, at one stage or another of the proceedings, a trial by jury upon all matters of fact was obtainable by the parties.
When, therefore, the proceedings before the auditors under the act of 1785, ch. 80, were to be such “ as in cases of actions of account,” the right of hearing before the court as to all questions of law, and of trial by a jury upon all matters of fact, was intended to be preserved to the contestants. And where, in poinkof fact, the auditors have undertaken to decide all questions of fact incorporated into their report^ without a reference to a jury, although such trial had been insisted on by one of the parties, it would seem to be clearly against the intent and spirit of the statute to admit- the report before the jury even as prima facie evidence of the truth of its assertions or conclusions.
In my judgment it was designed by the rule that in case of mutual accounts, where in the opinion of the judge it was necessary to do so, the court, with a view of lightening the labors of the jury and saving time, should depute to auditors the ministerial duty of arranging, methodizing and explaining the accounts, examining the calculations, and reporting the result of their labors to the court. In the cases where *366 such a reference would be considered necessary, an inquiry of this nature would devolve upon the jury and counsel great labor, which could be but imperfectly performed during a trial, and then with constant liability to mistake. Frequently such examinations would require the production in court of numbers of papers and books, perhaps from public' .offices, at hours when they could not conveniently be spared from official use. New counsel, not trained accountants, would wish to -trust themselves with the important interests of their clients without the assistance of trained experts in book-keeping where complicated accounts of partnerships or-banks were involved ; and in case of a refusal by either party to call in such aid, this statute and rule would authorize the court to compel such an examination by its selected agents.
But I do not think the statute or the rule attached such ■weight to this audit as to authorize it to be read in evidence to the jury, in proof of any claim of either party controverted by his opponent at the trial, unless it had previously been admitted by the pleadings or before the auditor.
By analogy to practice in somewhat similar cases, the objection to the auditor’s report should be made by exceptions, which certainly should be expressed with reasonable precision ; and if taken to such a report as I think the auditor is limited to by the law, would be confined to errors in formal matters of the accounts.
It might be that under this construction the auditor’s work would prove of small value ; but it might also, if the suitors were both really anxious for a full and fair settlement, result in a great economy of time-and labor, and clear up mutual misunderstandings previously existing between the parties. And it may well be that the discontinuance of several of the cases referred to in the authorities, resulted from the full statements of the positions of the contestants, for the first time brought to their attention in this manner by impartial accountants.
However this may be, we must construe the law and the rule as we find them ; and in my opinion there was no warrant in either for the submission of the audit in evidence *367 oefore the jury, “ as the basis upon which they might find, their verdict.”
2d. It was further inadmissible in evidence, because it was-founded in part upon the testimony of witnesses other than the parties, taken before the auditor. By the statute 4 th Ann, ch. 16, which authorized actions of account to be brought by one joint tenant or tenant in common against his co-tenant, the auditors to be appointed were authorized to administer an oath to the parties and examine them ; but, as was said in Wisner vs. Wilhelm, 48 Md., 1, no such right exists to examine other witnesses. And that case further decides that even a special clause in the order of reference, authorizing the auditor to examine any witnesses, was invalid. Such a report would be the mere statement of the opinion of an unauthorized person, founded upon extrajudicial oaths, in matters beyond his legal competency, and in the highest, degree hearsay.
We will add that we have no doubt the reference might be made as well before the jury was sworn as afterwards and that the second exception of the defendant, if it had been interposed to a valid report, should have been held to-be too general in its terms, for it amounted to nothing more than the general issue plea to a declaration in assumpsit.
Since it results from this view of the subj ect that the trial below was conducted upon wrong principles, we must remand the case for a new trial; and it is not necessary for us to examine the two other exceptions presented by the record.
With the purpose of preventing similar embarrassment in the future, we have thought it proper to substitute for Rule 54 one more explicit in its terms.
Judgment reversed and new trial awarded.