# THE HOME LIFE INSURANCE COMPANY *vs.* KATE SELIG, OTHERWISE KNOWN AS KATE HOHMAN ET AL.

*Injunction to Restrain Action at Law on Policy of Insurance.— Concurrent Jurisdiction.*

An injunction will not be granted to restrain the prosecution of an action at law on policies of life insurance by an assignee thereof, upon the ground that the policies and the assignment and assent thereto of the insurer had been procured by fraud, since that question can be determined in the action at law.

After an action at law on a policy of life insurance had been instituted by an assignee thereof, and pleas were filed alleging fraud in procuring the policy and in the assignment, the defendant filed a bill in equity alleging that the policy and the assignment, etc., had been obtained by fraud, and asking that the plaintiff in the action be restrained from further prosecuting the same, and for a cancellation of the policy if fraudulent, and if not, then for a determination of the question of the ownership of the proceeds. *Held*, that the bill should be dismissed because these questions could be tried in the action at law, and also because if a Court of Equity had concurrent jurisdiction in the premises, yet the Court of Law, having first assumed control of the subject-matter, was entitled to retain it.

When the jurisdiction of a Court of Law is concurrent with that of a Court of Equity, the Court which first exercises jurisdiction is, as a general rule, entitled to retain exclusive control of the issues.

Appeal from a decree of the Circuit Court No. 2, of Baltimore City (WICKES, J.), as follows: "This case having been originally set down for a hearing on the application of the plaintiff for an injunction to restrain the defendant, Katharine Hohman, from further prosecution of her suits at law, on the policies of life insurance mentioned in the pleadings, and to have this Court take jurisdiction in the premises, and the Court not having time for full consideration of the case before the said suits would come on for trial in the Superior Court, where they were pending, and

yet having sufficient doubt as to its duty in the premises, as to justify it in passing an order temporarily restraining further proceedings in the said suits, and with this view having signed the order passed in the case for an injunction, which was intended to be temporary, but by mistake was made in form absolute, and the Court having had in the meantime a full opportunity to consider the said application, after full argument by the solicitors of the respective parties, and having reached the conclusion that it has no jurisdiction in the premises, it is, this 16th day of November, 1894, adjudged, ordered and decreed, that the said application for an injunction be refused, and that the injunction ordered be rescinded and the bill be dismissed with costs to the defendant."

The cause was argued before BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*Frank Gosnell* (with whom was *James W. McElroy* on the brief), for the appellant.

Numerous grounds for the interposition of a Court of Equity exist in this case, which may be stated thus: 1. The two policies sued upon were procured by fraud and false representations. 2. The assignments of the policies were procured by fraud, and are without consideration to support them, evidence as to which latter fact *cannot be offered in a Court of Law.* 3. The appellant is entitled to have the policies and the assignments delivered up for cancellation, *which can only be accomplished in a Court of Equity.* 4. The assgnee having brought separate actions, the trial of one will not determine the other, and in the event of either or both being decided at law against the appellant, resort will have to be had to this Court by bill of interpleader, to determine to whom, among the several appellees, the money is properly payable. 5. Should the assignments be stricken down for fraud in the action at Court, appellant would still have to defend other suits upon the

policies brought by the executors, under such one of the wills of Hancock as may be determined to be valid. The existence of the caveat proceedings alone is a sufficient ground for this Court to entertain jurisdiction. 6. The assignee of the policies is not a fit person to prosecute actions upon them for the benefit of whom it might concern, particularly in view of the fact of the charges made against her by the appellant and by her co-appellees. There is a *"trust"* created in express terms by the assignments, and, in the event of a recovery upon the policies, resort to this Court would be necessary to enforce the trust.

Counsel relied on the following authorities: *Webster v. Hardesty*, 28 Md. 596; *Boyce's Executors v. Grundy*, 3 Pet. 215; *Oelrichs v. Spain*, 15 Wall. 228; *Preteca v. Mexican Land Grant Co.*, 4 U. S. App. 330; *Clements v. Macheboeuf et al.*, 92 U. S. 418; 1 *Story Equity*, section 33; *Insurance Co. v. Baily*, 13 Wall. 621; *Kilbourn v. Sunderland*, 130 U. S. 514, 515; *Taylor v. Savage*, 143 U. S. 95; *Delaware, &c., Co., v. Gillett*, 54 Md. 221; *Phelps Juridical Equity*, sec. 230; *Wagner v. Shank*, 59 Md. 326; *Dennison v. Yost*, 61 Md. 141; *Insurance Co. v. Fletcher*, 117 U. S. 529; *The British Equitable Ins. Co. v. The Great Western Ry. Co.*, 38 L. J. Ch. (N. S.) 132; affirmed in 38 L. J. Ch. (N. S.) 316; *Watson v. Allcock*, 4 De G. M. & G. 242, 248; affirmed in 1 Smale & Giffard, 319; *The India and London Assurance Co., v. Dalby*, 4 De G. & Sm. 462; *Metler v. Metler, Admx.*, 3 C. E. Green, 270; affirmed in 4 C. E. Green, 457; *Vanderwelden v. Chicago, &c., Ry. Co.*, 61 Fed. Rep. 58; *Key v. Knott*, 9 G. & J. 360; *Lucas v. Byrne*, 35 Md. 496; *Clarke v. Lancaster's Lessee*, 36 Md. 203; *Bispham's Equity*, 459; *Hartshorn v. Day*, 19 How. 212; *George v. Taft*, 102 U. S. 564; *Crapley v. Vogeler*, 2 App. Cas. D. C. 28; *Tourney v. Ry. Co.*, 3 C. B. (N. S.) 150.

*John V. L. Findlay* and *Thomas Mackenzie* for the appellee, Selig, cited: *Grand Chute v. Winegar*, 15 Wall. 373;

*Phoenix, &c., Co.,* v. *Bailey,* 13 Wall. 616; *Foley* v. *Hill,* 2 H. of L. Cas. 28; *Fire Ins. Co.* v. *Delavon,* 8 Paige, 422; *Alexander* v. *Muirhead,* 8 DeSaus. 162; 3 *Pomeroy Eq.,* sec. 1363; 2 *Story Eq. Jur.,* sec. 828; *Fellows* v. *Spalding,* 141 Mass. 92; *Tribbette* v. *Illinois, &c., Co.,* 19 L. R. A. 660; *Johnson* v. *Glenn,* 40 Md. 200; *Union Bank* v. *Poultney,* 8 G. & J. 324; *Reddall* v. *Bryan,* 14 Md. 476; *Canton Co.* v. *N. C. R. W. Co.,* 21 Md. 398; *Shoemaker* v. *Nat. Mec. Bank,* 31 Md. 398; *Lamm* v. *Burrell,* 69 Md. 274.

BRISCOE, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court No. 2, of Baltimore City, passed on the 16th of November, 1894, "refusing an application for an injunction and rescinding an order passed on the 11th day of June of the same year, for an injunction and dismissing the bill with costs." It will be observed that the proceedings were somewhat irregular, but the reasons therefor are stated by the learned Judge below in the order itself. And inasmuch as the bill upon its face did not disclose a case for the jurisdiction of a Court of Equity, and was dismissed upon final hearing, no injury was done the plaintiff thereby.

The material allegations of the bill may be thus stated: The appellant, The Home Life Insurance Company of New York State, issued to a Mr. Hancock two policies of insurance upon his life, one dated the 11th day of November, 1892, for three thousand dollars, and the other dated the 21st day of December of the same year, for the sum of two thousand dollars. These policies were subsequently assigned, with the assent of the company, to Katherine Hohman, one of the appellees, in trust for certain purposes specifically set forth in the assignments. And subsequently, by a codicil dated the 6th of May, 1893, to his will, Hancock directs the entire proceeds of these two policies to be paid by his executors to Katherine Hohman. This will and codicil have been caveated by the testator's sisters, who

claim under a will made by Hancock prior in date to the will bearing date on the 15th of January, 1892, and these issues are now pending for trial in one of the Courts of Baltimore City.   And the bill further avers, that suits at law were begun on the 6th of September, 1893, by the appellee Hohman against the insurance company for the recovery of the money mentioned in said policies.   It then charges that the two policies and the assent of the company were obtained by fraud, and that the assignments were also fraudulently procured and are without consideration.   And upon the facts as thus disclosed, relief by injunction was asked to restrain the actions at law, to decree a cancellation of the policies, and also, if they be valid and subsisting obligations, then to determine to whom the proceeds are payable.

There was no testimony taken, but the case was submitted on the bill, the answer and certain exhibits.   It is well settled by this Court, and it has been held by the Supreme Court, "that whenever a Court of Law, competent to take cognizance of a right, has power to proceed to a judgment which affords a plain, adequate and complete remedy, without the aid of a Court of Equity, the plaintiff must in general proceed at law, because the defendant under such circumstances has a right to trial by jury." *Phoenix Mutual Life Insurance Company* v. *Bailey*, 13 Wall. 616.   And the authorities are abundant to prove the right to have a question of fraud adjudicated at law.   *Nat. Park Bank* v. *Lanahan, trustee*, 60 Md. 514.

Now, upon this case, as presented, it seems clear to us that the remedy at law is certain and adequate, as practical and efficient to the ends of justice as the remedy here sought.   The plaintiff here, but the defendant in the suits below, duly appeared to the actions at law, and the pleas filed by it present the material defences relied upon in the suit in equity.

But apart from this, it is clearly established in cases of concurrent jurisdictions, that the Court which has first as-

sumed control over the subject-matter of controversy ought to be entitled to retain it. Here it appears that the actions at law were brought to the September term, 1893, of the Superior Court of Baltimore City, and the pleadings made up and the cases specially set for trial on the 4th of June, 1894, by agreement. Four days afterwards, to-wit, on the 8th of June, the plaintiff filed this bill. Mr. Pomeroy, in cases involving questions similar to those here, thus lays down the rule: "Where the jurisdiction is concurrent, or, in other words, where the interest and primary rights of the parties are legal, and the only question between the two Courts relates to the adequacy of their respective remedies, as a general rule the tribunal which first exercises jurisdiction is entitled, or, at least, permitted to retain an exclusive control of the issues. It is therefore a well settled doctrine, that in cases of this kind, where the primary rights of both parties are legal and Courts of Law will grant their remedies, and Courts of Equity may also grant their peculiar remedies, equity will not interfere to restrain the action or judgment at law, provided the legal remedy will be adequate, that is, provided the judgment at law will do full justice between the parties and will afford a complete relief; the adequacy or inadequacy of the legal remedy is the sole and universal test." *Pomeroy's Equity Jurisprudence,* vol. III, section 1363.

Manifestly in this case a judgment for the insurance company in the actions at law would not only satisfy the ends of justice, if the life policies were fraudulently procured, but would be a full settlement of this controversy. The cases relied upon by the appellant, in support of its contention, are clearly distinguishable from this, and are not applicable here

We are therefore of the opinion that the plaintiff is not entitled to the relief asked for under its bill, so the order of the Court below appealed from will be affirmed with costs.

*Order affirmed with costs.*