## EASTMAN *against* CURTIS:

### IN ERROR.

THIS was an action *qui tam* against *Eastman*, brought on the statute, tit. *Fisheries, c.* 1. *s.* 6.(*a*) to recover the penalty of 67 dollars for using a *bush-seine* in *Ousatonnick* river. The offence was thus charged in the declaration:

In a plea in bar to a penal action at the suit of a common informer of a prior suit and recovery for the same penalty in the name of a third person, it is not sufficient to state, that the suit was brought, by a writ dated on a certain day, to a certain court, before which judgment was recovered, and then to recite the record; but the plea must distinctly aver that such suit was commenced before the present action, so that the plaintiff may traverse it.

The prohibition in stat. *tit.* 70. *c.* 1. *s.* 6. to use any bush-seine in *Ousatonnick* river, extends to the whole of that river, and is not restricted to the fishing-places between the mouth and *Leavenworth's* ferry.

*Qu.* Whether the penalty inflicted by stat. *tit.* 70. *c.* 1. *s.* 6. for using a bush-seine in *Ousatonnick* river refers to the *person* or the *offence.*

(*a*) That section is as follows: "That no person shall use any bush-seine in said *Ousatonnick* river, or in any way obstruct, incumber or impede the drawing of seines, or taking of fish in any of the fishing-places cleared as aforesaid, either by felling trees, or sinking logs, or other incumbrances therein, or in any other manner whatsoever, on penalty of sixty-seven dollars for every such offence; one half to the person who shall sue for and prosecute the same to effect, and the other half to the treasury of the county where the conviction is had."

" That the defendant, on the 15th of *June* last past, did use in *Ousatonnick* river, in that section thereof which divides the county of *Fairfield* from the counties of *Litchfield* and *New-Haven*, to wit, in the town of *Newtown* in said *Fairfield* county, a certain seine made of bushes fastened together, denominated and being a bush-seine, for the purpose of catching a certain fish called shad ; and did, on said day, use and draw said bush-seine, which extended from one side of the river to the other, from the mouth of the *Shippague* river emptying into said *Ousatonnick* river in the town of *Southbury* in said *New-Haven* county, through and over the fishing-places cleared and constantly used by *Benjamin C. Glover* and others to *Mitchell's Ditch*, a place in the town of *Southbury*, being a distance of three miles." The writ was dated the 10th, and served the 16th of *May*, 1814.

To this declaration there was a plea in bar, admitting that the defendant, with *Samuel G. Hawley* and several others, did, on or about the 15th of *June* 1813, use a bush-seine in the *Ousatonnick* river, as stated by the plaintiff, yet averring "that at the county court holden at *Litchfield* within and for the county of *Litchfield*, on the fourth *Tuesday* of *September* 1814, one *Benajah Hawley* of *Roxbury* in the county of *Litchfield*, brought a suit as well in the name of the state of *Connecticut* as in his own name, against the said *Samuel G. Hawley*, by writ bearing date the 19th of *April* 1814 ; before which court the said *Benajah Hawley* recovered a judgment against the said *Samuel G. Hawley* for the sum of 67 dollars, the one half thereof to the use of said *Benajah Hawley*, and the other half for the use of the county of *Litchfield*, and his costs of suit ; which said writ, process and judgment are in the words and figures following ;" which were recited in the plea. The writ recited purported to be dated and served the 19th of *April* 1814. The declaration was precisely like the present, *mutalis mutandis*. From the record it appeared that judgment was rendered by the *Litchfield* county court, *September* term 1814, against said *Samuel G. Hawley*, on default, for the sum of 67 dollars and costs of suit, one half for the use of the plaintiff in that suit, the other half for the county of *Litchfield*. The conclusion of the plea was as follows : " Now the defendant in fact says, that said judgment, suit and proceeding are for the same matter, cause and thing as that complained of by the plaintiff against him the defen-

*New-Haven,*
June, 1815.

Eastman
*v.*
Curtis

dant in his the plaintiff's declaration against him, and not otherwise or diverse therefrom; and that said judgment has been fully paid and satisfied; all which the defendant is ready to verify."

To this plea there was a demurrer, and joinder in demurrer. The county court adjudged the plea insufficient, and subjected the defendant to a penalty of 67 dollars. The defendant thereupon brought a writ of error returnable to the superior court at *Fairfield, March* term, 1815, assigning the general error. By agreement of parties, the cause was continued to the next term of that court; and the questions of law were reserved to be argued in the meantime before the nine Judges.

*Sherwood* and *N. Smith,* for the plaintiff in error, contended, 1. That the declaration was insufficient. The 5th section of the statute declares, " that where any persons have been at the expense of clearing a fishing-place in *Ousatonnick* river, between the mouth thereof and *Leavenworth's* ferry, and have constantly used the same for taking fish in the seasons thereof," they shall be established in the enjoyment of such fishing-place. The 6th section then prohibits all persons from using a bush-seine, or in any way obstructing, incumbering, or impeding the drawing of seines, or taking fish, " *in any of the fishing-places cleared as aforesaid.*" Now, it does not appear from the declaration, that the defendant used a bush-seine in any fishing-place in the river " between the mouth thereof and *Leavenworth's* ferry;" nor that he used it in such a manner as to obstruct the taking of fish by others; nor that at the time when he used it, there were any fish in the river. The declaration indeed states, that the defendant drew a bush-seine for the purpose of catching *shad,* through and over certain fishing places; but it does not state that they were *shad* fishing-places, or that there were any *shad* there.

2. The plea in bar is sufficient. This depends upon the construction of the following words in the statute : " That no person shall use any bush-seine" &c. " on penalty of 67 dollars for every such offence ;" and the question is, whether the penalty refers to the *offence,* or to the *person* committing the offence; in other words, whether each person using the

New-Haven,
June, 1815.

Eastman
v.
Curtis.

bush-seine incurs the penalty, or if more than one are concerned, is it a joint offence.

In considering this question, we derive no aid from the common law. The offence charged is not an offence at common law. We must be governed by the statute, and the rules given for its construction. We are to presume that the legislature understood the meaning and extent of the words by them used ; and courts of law are bound to understand the true and correct meaning of all words used by the legislature.

The same phraseology as that under consideration occurs in the 3d, 7th, 10th, and 15th sections of the same statute ; and in the additional act of *May* 1801, (*chap.* 5.) where the penalty is 100 dollars. The construction in this case must govern in all those cases.

What is the offence created by this statute ? Using a bush-seine. Is not the using of a bush-seine a single offence ? It is, obviously. Does the statute require more than 67 dollars for one offence ? It clearly does not. Suppose then the bush-seine is used only once by twenty persons ; there is but one using ; of course, but one penalty.

The statute is designed to operate on the *offence,* without regard to the number of persons concerned. The act to be done to incur the penalty, is, in its nature, such as cannot ordinarily be performed by one, but requires a number. The penalty is a large one ; and it is not to be presumed, that the legislature meant to multiply the penalty on account of the offence being committed by several, but to provide against a joint offence. There are indeed cases, where the legislature intended to make the penalty operate upon the person rather than the offence ; but in those cases they have been careful to use a different phraseology. Thus, in the statute under the title of " *Boats,*" the words are, " That *whoever* shall take" &c. So in that under the title of " *Bricks,*" *sect.* 3. " And *whosoever* shall put up" &c. So in that under the title of " *Counterfeiting,*" *c.* 1. *s.* 10. " Such person or persons, &c. and *every of them*" &c. So in that under the title of " *Theatrical Exhibitions,*" " That *each person* so exhibiting" &c.

Accumulating penalties are never inflicted, unless the form of expression in the statute is such as to render it necessary. *Chapman* v. *Chapman,* 1 *Root* 52. *Barber* v. *Eno,* 2 *Root*

*New-Haven,*
June, 1815.

Eastman
*v.*
Curtis.

150. Had a joint prosecution been brought against all who were concerned in the offence, one penalty only could have been recovered. In *Partridge* v. *Naylor, Cro. Eliz.* 480. which was an action upon stat. 1 & 2 *Ph. & Ma. c.* 12. against three for impounding a distress in three several pounds, it was held that but one penalty could be recovered. The words of the statute referred to are, " Every person offending contrary to this act shall forfeit to the party grieved, for every such offence, an hundred shillings." 2 *Cay's Stat. at large,* 291. A similar decision was had in a prosecution upon the stat. 5 *Ann. c.* 14. *s.* 4. the words of which are, " That if any person or persons not qualified, &c. shall keep or use any greyhounds, &c. and be thereof convicted, &c. the person or persons so convicted shall forfeit the sum of *5l.*" *The King* v. *Bleasdale & al.* 4 *Term Rep.* 809. A similar decision was also had in another action upon the same statute in connexion with the stat. 8 *Geo.* 1. *c.* 19. *Hardyman* v. *Whitaker & al.* cited *Bul. N. P.* 189. S. C. reported 2 *East* 573. *in not.* And wherever there has been a different decision, it will be found to have resulted from a material difference in the words of the statute; as in *The Queen* v. *King & al.* 1 *Salk.* 182. where the words of the statute are, " That they shall *respectively* forfeit *30l.*"

The penalty is in nature of a satisfaction to the injured party. The act done is in nature of a trespass. All concerned in it are liable; but the party injured can recover but one satisfaction. The form of the action cannot vary the principle of law. If the penalty is all given to the party, as in trespass and other cases; or half, as in others; or to any informer, as it sometimes is; or all to the public; the principle of law remains the same.

3. The matter in bar is sufficiently pleaded. It is averred that a former suit was brought for the same matter, cause and thing; the parties are particularly described; and the date of the writ is specified. It is also averred, that in this suit the plaintiff *recovered judgment* before the county court of *Litchfield* county, on the fourth *Tuesday* of *September* 1814. The writ, process and judgment then became *matters of record,* which are set out at length in the plea. Every thing upon this record must now be taken to be as it appears.

*R. M. Sherman* for the defendant in error.   1. The prohibition of the statute as to the using of a bush-seine in *Ousatonnick* river is general.   The words are, " That no person shall use any bush-seine in said *Ousatonnick* river."   The statute then proceeds to prohibit other obstructions " in any of the fishing-places" mentioned in the preceding section ; but there is no limitation of place or time as to the using of a bush-seine in that river.   The plaintiff's declaration, therefore, brings the offence within the statute.

2. The plea in bar discloses no defence to this action.   Every person concerned in the offence is severally liable for the penalty. In support of this position he cited 6 *Bac. Abr.* 393. (*Wils.* edit.)   *The Queen* v. *King*, 1 *Salk.* 182.   *The King* v. *Clark*, *Cowp.* 610, 612.   *Hardyman* v. *Whitaker*, 2 *East* 275. *in not.   Barnard* v. *Gostling*, 1 *New Rep.* 245. ; and then commented on most of the authorities referred to on the other side.   He insisted, that the legislature, by the words of the statute, had subjected every individual who should commit the offence specified, to the penalty.   The words are, " *no person* shall use," &c.   The statute is a public one ; and the object of the legislature was to provide against a public evil, and not to give satisfaction for a private injury. The penalty is not to go to the party aggrieved, but to a common informer and the county treasury.   Suppose the punishment inflicted for a violation of this law had been imprisonment ; would not each person guilty of the offence be liable for the whole term ? Upon a different construction, the greater the number of persons who unite in the offence, the less will be the punishment upon each.   The offenders might be gainers by violating the law, notwithstanding the penalty.

3. A plea in bar of a prior suit for the same penalty must shew the precise time when such prior suit was commenced. 1 *Chitt. Plead.* 443.   But this plea shews nothing as to the time when the suit in question was commenced.   It contains no averment that the writ was ever signed or served.   The record which is recited proves nothing as against a stranger. This defect is a substantial, and not a merely formal one.

SWIFT, Ch. J.   The prohibition in the 6th section of the statute respecting " Fisheries," to use bush-seines in *Ousatonnick* river, extends to the whole of the river, and is not restricted to the part of it below *Leavenworth's* ferry.   The

declaration, of course, has alleged an offence within the statute, and is sufficient.

There is no allegation in the plea in bar of the time when the suit therein mentioned was served. It only avers, that the suit was brought to a certain court, and then the proceedings are set forth. Every allegation in the plea may be true, and yet that suit may have been commenced subsequent to the present. It was essential to the validity of the plea in bar, that there should have been an averment, that such suit was commenced prior to this, so that the plaintiff might have traversed it, in order to make it a bar to a recovery in the present action.

EDMOND and SMITH, Js. being related to one of the parties, gave no opinion.

The other Judges concurred in the opinion of the Chief Justice.

No error in the judgment complained of.