RAYMORE REALTY CO. v. PFOTENHAUER-NESBIT CO.

(Supreme Court, Appellate Division, First Department.   June 24, 1910.)

1. ACTION (§ 69*)—STAY OF PROCEEDINGS—ANOTHER ACTION PENDING.
   The proper practice is to move for a stay of proceedings in the action sought to be stayed, and the moving party should be required to follow such practice.
   [Ed. Note.—For other cases, see Action, Cent. Dig. § 750; Dec. Dig. § 69.*]

2. ACTION (§ 69*)—STAY OF PROCEEDINGS—ANOTHER ACTION PENDING.
   The proceedings in an action to foreclose a mechanic's lien for material wherein the issue has not been joined cannot be stayed pending an action for delay in delivery of such materials, as the issues are not the same, and, till the issue is joined in the foreclosure action, it may not be known whether there will be any issue to try, trial of which should be stayed.
   [Ed. Note.—For other cases, see Action, Cent. Dig. § 744; Dec. Dig. § 69.*]

3. MECHANICS' LIENS (§ 254*)—FORECLOSURE—DEFENSES—DELAY IN DELIVERY OF MATERIAL.
   A contractor's delay in delivering material may give rise to a cause of action for damages which the owner may counterclaim in an action to foreclose a lien therefor, but he cannot defeat the action merely on that ground.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 447, 448; Dec. Dig. § 254.*]

Appeal from Special Term, New York County.

Action by the Raymore Realty Company against the Pfotenhauer-Nesbit Company.   From an order staying proceedings in another action between the same parties till after trial and final judgment, defendant appeals.   Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

James W. Dean, for appellant.
Louis A. Jaffer, for respondent.

LAUGHLIN, J. On the 1st day of August, 1909, the plaintiff, a domestic corporation, owned premises having a frontage of 150 feet on the southerly side of 106th street, commencing 150 feet east of Broadway, and was constructing an apartment building thereon. The defendant, a domestic corporation, contracted with the plaintiff on said day for the delivery at said premises of 100,000 brick to be used in the construction of said building. This is an action to recover damages for a breach of that contract, and the plaintiff claims to have sustained damages in the sum of $12,500. After the commencement of this action, the defendant filed a notice of a mechanic's lien against the premises for materials furnished under said contract, and thereafter, before issue was joined herein, the defendant brought the other action, the proceedings in which have been stayed, to foreclose the mechanic's lien, and thereafter interposed an answer herein putting in issue the material allegations of the complaint, but containing no counterclaim or demand for affirmative relief. Before pleading in the action to foreclose the mechanic's lien, the plaintiff herein made a motion entitled in this action to stay proceedings in the other action, and it was granted.

According to the memorandum of the learned justice at Special Term, the point was not made in opposition to the motion that the motion for a stay should have been made in the action sought to be stayed; but, although the objection was not taken, we are of opinion that the court should not have made an order in this action staying the proceedings in the other action, and should have required the moving party to follow the proper practice of moving in the action sought to be stayed. Moreover, the record discloses no facts which warrant the stay on the merits. The issues are not the same in the two actions. This action does not involve the cause of action in favor of the defendant embraced in its notice of lien, on which the action to foreclose the lien is founded. The defendant was not obliged to interpose its equitable cause of action as a counterclaim herein. No matter which party succeeds in this action, the judgment will not necessarily dispose of the issues in the foreclosure action. If judgment herein should be rendered in favor of the defendant, that will merely establish that it has not been guilty of the breaches of contract alleged, which are merely for delay in delivering brick. Such judgment would not be an adjudication as to the quantity of brick delivered for which the plaintiff has not been paid. It would still remain for the defendant herein, as plaintiff in the foreclosure action, to establish the validity of its lien and the amount due, provided those matters are put in issue in that action. The fact that issue has not been joined in the foreclosure action should have defeated the motion, for, until that time, it may not be known whether there will be any issue to try, the trial of which should be stayed.

The case of De La Vergne Machine Co. v. N. Y. & Brooklyn Brewing Co., 125 App. Div. 649, 110 N. Y. Supp. 24, upon which the respondent relies, is distinguishable from the case at bar upon the ground that there an action by a contractor for the foreclosure of a mechanic's lien in which the owner counterclaimed for damages and an action against the contractor for a breach of the contract, in which he counterclaimed for the balance claimed to be due both with respect to time which was claimed to be of the essence of the contract and in other respects as well, was in issue in both actions.

In the case at bar, however, the failure of the contractor to deliver the material in time may give rise to a cause of action for damages in favor of the owner, which he might counterclaim in the action to foreclose the mechanic's lien, but since he received, accepted, and used the material he cannot defeat the action to recover therefor, merely on the ground that delivery was not within the time required by the contract. Phœnix Iron Co. v. Mt. Trans. Co., 125 App. Div. 479, 109 N. Y. Supp. 858.

It follows therefore that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.