NATHAN GREENBAUM, as Receiver of the Property of the NATIONAL STANDARD BREWING COMPANY, Respondent, v. RICHARD GRAMMER, Appellant.

(Supreme Court, Appellate Term, April, 1911.)

Taking case from jury and nonsuit — Direction of verdict or nonsuit on opening statement of counsel.

Judgment should not be granted upon the opening of defendant's counsel, before any evidence is presented, because he mentions only an alleged defense which is insufficient in law, where the answer puts in issue material allegations of the complaint.

APPEAL by defendant from a judgment of the City Court of the city of New York, rendered on motion of plaintiff's counsel made upon the pleadings and on the opening address of the defendant's counsel.

Jacob Stiefel (Charles Simon, of counsel), for appellant.

William L. Seyfarth (Gustav Gunkel, of counsel), for respondent.

SEABURY, J.   This action was brought to recover $1,200 alleged to be due on a subscription to fifteen shares of the capital stock of the National Standard Brewing Company, of which the plaintiff had been appointed receiver in proceedings supplementary to execution.

The complaint alleges that the money was to be paid to a trustee to be held for the consummation of the agreement and also that the corporation " has performed all the conditions on its part under the said agreement."

The answer denies the allegations that the corporation performed on its part the conditions of the agreement and as a separate defense pleads that the subscription was induced by fraud and deceit. Upon the trial the defendant's counsel in his opening address to the jury referred only to the separate defense of fraud. At the close of his address and before

28

any evidence was presented, the plaintiff moved for judgment in his favor on the pleadings and on the defendant's opening address. This motion was granted subject to the defendant's exception, and from the judgment entered upon such direction the defendant appeals to this court.

We think that the court erred in granting the motion. Under the complaint it was necessary for the plaintiff to prove that " the said National Standard Brewing Company has duly performed all the conditions on its part under said agreement."

This allegation was put in issue by the answer; and the mere fact that, in his opening address to the jury, the defendant's counsel referred only to the alleged defense of fraud did not relieve the plaintiff from the obligation he was under of proving all those allegations of his complaint which were put in issue by the answer.

No point is made of the alleged defense of fraud, and it seems to be conceded upon this appeal that it was insufficient in law.

The judgment is reversed and a new trial ordered, with costs to the appellant to abide the event.

LEHMAN and BIJUR, JJ., concur.

Judgment reversed.