GRAMMER v. GREENBAUM et al.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. ACTION (§ 68*)—STAY OF PROCEEDINGS.

Power of the court to stay proceedings or control the trial of an action must be exercised in the action itself, and cannot be exercised by an order in another action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 739–743; Dec. Dig. § 68.*]

2. ACTION (§ 68*)—STAY—PROSECUTION OF OTHER ACTION.

Suit having been brought in the New York City Court to recover on an agreement to purchase corporate stock, and judgment being recovered against the defendant therein, pending appeal, such defendant sued in the Supreme Court to set aside the agreement on which the judgment in the City Court was obtained, for fraud. The City Court judgment having been reversed and a new trial ordered, a motion was made in the Supreme Court suit for an order staying further prosecution of the action in the City Court. Held, that such motion could not be granted, under the rule that an injunction against proceedings in another action can be granted only in an action where such relief is demanded in the complaint.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 739–743; Dec. Dig. § 68.*]

Appeal from Special Term.

Action by Richard Grammer against Nathan Greenbaum, as receiver of the National Standard Brewing Company, impleaded with another. From an order staying the prosecution of an action in the City Court, the receiver appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Joseph H. Kohan, for respondent.
Gustav Gunkel, for appellant.

McLAUGHLIN, J. In September, 1910, the defendant Greenbaum, as receiver of the National Standard Brewing Company, commenced an action in the City Court of the city of New York against the plaintiff in this action to recover from him the sum of $1,200, under an agreement to purchase a certain number of shares of the capital stock of the National Standard Brewing Company. The action was tried, and in October following a judgment rendered in favor of Greenbaum, as receiver, for the amount claimed. An appeal was taken to the Appellate Term, and while the same was pending this

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

action was commenced for the purpose of setting aside the agreement upon which the judgment in the City Court action had been obtained; the plaintiff alleging that such agreement was obtained by fraud practiced upon him, which entitled him to a rescission, the judgment demanded. The Appellate Term reversed the judgment of the City Court and ordered a new trial. Thereupon the plaintiff moved in this action to stay the receiver from prosecuting the action in the City Court. The motion was granted, and the appeal is from that order.

[1, 2] This court has several times said that the trial of an action cannot be stayed in this way. The power of the court to stay proceedings or control the trial of an action is one which must be exercised in the action itself (Raymore Realty Co. v. Pfotenhauer-Nesbit Co., 139 App. Div. 126, 123 N. Y. Supp. 875; North Central Realty Co. v. Blackman, 129 N. Y. Supp. 1005, decided at the May, 1911, term, not yet officially reported), and, where it is sought to enjoin parties from proceeding in another action, such relief must be by injunction in an action where such relief is demanded in the complaint (Belasco Co. v. Klaw, 98 App. Div. 74, 90 N. Y. Supp. 593; Webster v. Columbia National Life Ins. Co., 131 App. Div. 837, 116 N. Y. Supp. 404, affirmed 196 N. Y. 523, 89 N. E. 1114).

Under the authorities cited the court could not, by an order in this action, stay the trial of the City Court action. Nor could it enjoin the prosecution of that action by an order in this, because no such relief is demanded in the complaint.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

PEOPLE ex rel. LENAHAN v. GRIFFENHAGEN, County Register.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

OFFICERS (§ 72*)—REMOVAL OF OFFICER FROM OFFICE—REVIEW—RECORD.

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 101–103, 105–107; Dec. Dig. § 72.*]

Certiorari by the People, on the relation of Eugene T. Lenahan, against Max S. Griffenhagen, as register of the county of New York, to review the dismissal of relator. Writ sustained, and relator reinstated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes