(153 App. Div. 365.)

BARNES et al. v. MIDLAND R. TERMINAL CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1912.)

1. INJUNCTION (§ 158*)—TEMPORARY INJUNCTION—PERSONS BOUND.

In an action against a corporation, a temporary injunction restraining the corporation, its officers, directors, agents, and attorneys, from selling, or taking any steps to sell, its real estate under an execution against it in another action, does not prevent the plaintiffs in such other action from selling the property under such execution, although they are directors of the corporation; their identity as plaintiffs and as directors being separate.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 341; Dec. Dig. § 158.*]

2. INJUNCTION (§ 26*)—RESTRAINING LEGAL PROCEEDINGS.

The court cannot in one action restrain strangers thereto from enforcing their remedy under another action wholly unrelated to the action in which the injunction order is made.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

3. ACTION (§ 69*)—STAY OF PROCEEDINGS.

The court's power to stay proceedings in an action must be exercised in the action itself.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 744–751; Dec. Dig. § 69.*]

4. INJUNCTION (§ 26*)—RESTRAINING LEGAL PROCEEDINGS.

Where it is sought to enjoin parties from proceeding in another action, such relief must be by injunction in an action where it is demanded in the complaint.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

Appeal from Special Term, Richmond County.

Action by Sarah H. Barnes and others against the Midland Railroad Terminal Company. From an order granting a temporary injunction, defendant appeals. Affirmed.

See, also, 147 App. Div. 89, 131 N. Y. Supp. 750.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

George D. Beattys, of New York City (Charles W. Fuller, of New York City, on the brief), for appellant.

John Brooks Leavitt, of New York City, for respondents.

JENKS, P. J. The Special Term had the jurisdiction, under subdivision 2 of section 604 of the Code of Civil Procedure, which it asserted, to enjoin the defendant from selling or taking any action to sell its real estate under the execution in question. And the order may be affirmed as made in the exercise of sound discretion.

[1] But it is necessary to interpret the order as in no way effective to halt the plaintiffs, in the action wherein the execution was issued, in taking all steps in furtherance of it, including a sale thereunder. The action in which this order was made is against the corporation alone, for a nuisance and for incidental damages. The action wherein

the execution was issued is against the said corporation upon its promissory note. It is, legally speaking, but an accident that the plaintiffs in the latter action are the owners of the corporate stock of the defendant and are of its directors. As such plaintiffs and as such directors they are distinct entities. The order does not reach them in their status as judgment creditors in the note action, for it but runs against the defendant corporation, and the expression its "officers, directors, agents, and attorneys" is not essential, and is but in amplification, inasmuch as a corporation acts through such instrumentalities.

[2-4] If the injunction order were interpreted to restrain the plaintiffs in the judgment upon the note from enforcing that judgment to the utmost, then it would not be right; for in effect the court in one action would restrain strangers thereto from enforcing their remedy under their separate action, which is wholly unrelated to the action wherein the order was made. The rule is well expressed by McLaughlin, J., speaking for the unanimous court in Grammer v. Greenbaum, 146 App. Div. 3, 4, 130 N. Y. Supp. 569, 570:

"The power of the court to stay proceedings or control the trial of an action is one which must be exercised in the action itself (Raymore Realty Co. v. Pfotenhauer-Nesbit Co., 139 App. Div. 126 [123 N. Y. Supp. 875]; North Central Realty Co. v. Blackman, 145 App. Div. 199 [129 N. Y. Supp. 1005]); and where it is sought to enjoin parties from proceeding in another action, such relief must be by injunction in an action where such relief is demanded in the complaint (Belasco Co. v. Klaw, 98 App. Div. 74 [90 N. Y. Supp. 593]; Webster v. Columbia National Life Ins. Co., 131 App. Div. 837 [116 N. Y. Supp. 404], affirmed 196 N. Y. 523 [89 N. E. 1114])."

If the plaintiffs proceed to enforce the execution of the judgment by sale, the defendant does not sell or take any action tending towards a sale; as to it the sale is in invitum.

The order is affirmed, with $10 costs and disbursements. All concur.