JOHNSON & HIGGINS, INC., *v.* MARY A. BRAUN SIMPSON, Administratrix.

[No. 33, April Term, 1933.]

*Decided May 26th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Charles Markell* and *George Ross Veazey,* for the appellant.

*Harry O. Levin,* with whom was *H. Lee Brill* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The plaintiff (appellant) has filed a bill for an accounting against the defendant as administratrix of her divorced husband, and at the same time to enjoin the prosecution of a suit at law of the defendant (appellee here), plaintiff in the case at law, which was the subject of an appeal to this court at the October Term, 1932, 163 Md. 574, 163 A. 832, and to have the controversy settled in equity instead of at law, where it now is. The facts are so fully stated by Judge Offutt in the former appeal that anything which may be said here is bound to be mere repetition, and no more will be said than is necessary to discuss the questions for decision.

The defense to the suit at law was that the defendant's decedent had, by his misconduct as officer and employee of the plaintiff, forfeited his right to recover on the contract sued on, during his lifetime, and that for this reason his estate could not collect on it after his death, and this court held in the former appeal such misconduct to be ground of defense. The docket entries in the two appeals show that the bill, amended bill, and supplements were filed and demurred to during the pendency of the suit at law, but the case was not heard on demurrer until after the decision on the former appeal, when a second supplemental bill was filed, and it is from the decree sustaining the demurrer to the bill as amended and supplemented that this appeal is taken.

The bill of complaint, as amended and here for review, charges Braun, the defendant's decedent, while in its employ, with the misappropriation of $4,845.86. The contentions of the plaintiff are, as stated in the prayers for relief and in its brief, that it is entitled to an accounting in equity and to an injunction against the prosecution of the suit at law on the contract sued on, for the reason that, being for an accounting, it comes within the general jurisdiction of a court of equity, and that it is entitled to pursue its remedy on the account in equity whether the suit at law be enjoined or not, though it contends that it is entitled to an injunction against the prosecution of the action at law.

The demand which the plaintiff here makes was made in its defense of the case in which an appeal was taken by it from a judgment in favor of the appellee, but the reason now urged for the change of jurisdiction is that the account upon which the bill is founded is so complicated that it would be hopeless for a jury to understand it, and it should therefore be tried before a tribunal where the complications can be more effectively unraveled and solved than is possible with a jury. The circumstances under which the remedy ought to be in equity or at law are clearly stated in 1 *Story's Equity*, sec. 459, quoted in *Union Passenger Rwy. Co. v. Baltimore*, 71 Md. 238, 17 A. 933, 934, as follows: "It may be laid down as a general doctrine, that, in matters of account growing out of privity of contract, courts of equity have a general jurisdiction where there are mutual accounts, (and *a fortiori* where the accounts are complicated,) and also where accounts are on one side, but a discovery is sought and is material to the relief. And, on the other hand, where the accounts are all on one side, and no discovery is sought or required, and also where there is a single matter on the side of the plaintiff seeking relief, and mere set-offs on the other side, and no discovery is sought or required, in all such cases, courts of equity will decline taking jurisdiction of the cause. The reason is that no peculiar remedial process or functions of a court of equity are required."

The plaintiff does not contend that the accounts are on any side but its own, which must have had possession of the books of account in this case to have made the allegations with the particularity set out in the bill of complaint. Accounts "all on one side" means the other side. *Seeley v. Dunlop*, 157 Md. 378, 146 A. 271. The only reason given for the plaintiff's contention that equity is the proper tribunal is that its accounts with the defendant's decedent are complicated. With regard to such an allegation, in *Anderson v. Watson*, 141 Md. 217, 118 A. 569, 575, it is said equity may extend to cases "where 'there are circumstances of great complication, or difficulties in the way of an adequate

remedy at law'," and also to cases where "a fiduciary relation exists between the parties and a duty rests upon the defendant to render an account" (*Pomeroy Eq. Jur.*, sec. 1421; *Miller's Equity Proc.*, p. 823), and the necessity for a discovery may sometimes furnish a ground for equity jurisdiction (1 *C. J.* 617).

While these general principles are not questioned and may be regarded as established, the decisions applying them to the facts of particular cases are not uniform, and there is some divergence of opinion as to the meaning to be given such expressions as "great complication," "difficulties in the way of an adequate remedy at law," and "confidential or fiduciary relations." "Under the decisions of this court, the expressions 'great complication' and 'difficulty in the way of adequate remedy at law,' when used in connection with an accounting in equity, may be taken to mean such an account as a court of law, with the aid of all the legal machinery at its command, is unable to solve so as to do substantial justice between the parties." *Anderson v. Watson, supra.*

No hard and fast rule can be laid down as to when complication of accounts is a reason for the taking of jurisdiction by a court of equity, where the remedy at law for the collection of a debt is ordinarily adequate. 1 *C. J.* 620. The proceeding is generally originated by the one who prays an accounting, but in this case it is the defense of an obligor on a contract on which suit was brought at law, and that defense involves also a counterclaim for moneys alleged to have been fraudulently appropriated by the plaintiff's decedent in the suit at law on the contract. It can hardly be treated as a set-off to the claim in the suit at law, because the transactions of the employee, as disclosed by the entries in the employer's books, if they establish the indebtedness claimed by the appellee, also prove his misconduct, which was held on the former appeal, if true, to be a bar to the appellee's right to recover on the contract.

In the suit at law, where a judgment was recovered against the appellant, afterwards set aside on appeal and a new trial

awarded, the effect of the jury's verdict was to deny the misconduct alleged and to find that the decedent, Braun, was not indebted to the defendant, and that none of its money had been appropriated by him.

In the opinion in the first appeal was the statement that it could not be definitely and finally said that the debts claimed "showed dishonest or unauthorized misappropriations (the burden being on the appellant), any more than that they were the result of slovenly bookkeeping." And again, on the subject of the confusion and complexity of the accounts, "while they showed false bookkeeping and improper entries, the record did not show anything more. That is, it showed that the company had received the money, which had not been credited to the persons who paid it, but it did not necessarily show that Braun had himself received that money, or that he had received or abstracted funds from the accounts to which the payments were actually applied, or that he retained any part of them. That fact, if it was a fact, should have been shown by an audit of the appellant's books during the period of Braun's management," and this the court had ample authority to have made under Code, art. 26, sec. 9, and "if that had been done much of the confusion and uncertainty which characterizes the evidence which was taken could have been avoided." The appellant criticizes this method as unsatisfactory because "the facts and conclusions" of such an auditor's report cannot be used as evidence. *Wisner v. Wilhelm,* 48 Md. 1; *Himmel v. Levinstein,* 132 Md. 317, 329, 103 A. 848. Yet it would serve the purpose of clarifying accounts which the bill of complaint alleges are so complicated as to be incapable of comprehension by a jury in the hurried and piecemeal processes of presenting evidence. And if such an audit would show appellant's claim to be so conclusive against appellee's decedent as the bill contends, the verdict of a jury which would ignore it would be subject to review on a motion for a new trial, where the judge's duty is just as binding as the right to a trial by jury is sacred.

There have been two trials of this case by juries. In the first a verdict for the plaintiff (appellee) was set aside on motion for a new trial. After that a motion was made by the appellant (defendant) for the removal of the case to a court of equity under the authority of article 75, section 124, of the Code, which was denied, the reasons, briefly assigned, being the same as those now set out in detail in the bill of complaint. The law case was tried again, with a verdict and judgment for the plaintiff for the full amount claimed, and it was this judgment from which the former appeal, 163 Md. 574, 163 A. 832, was taken, the judgment reversed, and the case remanded. The appellant then presses its bill for accounting of its claim against appellee's decedent and for an injunction against the prosecution of her suit at law, on the theory that its account, all of the facts pertaining to it being in its possession, is so complicated that the jury in the law case could not understand it, and in arriving at a conclusion ignored it, and says it is encouraged by a statement in the opinion in the former appeal that "there was in the case evidence to warrant the inference that Braun had so juggled and falsified appellant's accounts that it was impossible for the jury to determine with certainty the true state of the accounts between it and Braun." This was said in the discussion of the plaintiff's granted instructions, which were held bad because they ignored the evidence of the defendant (appellant) as tending to show a fraudulent intent on the part of Braun which, if true, would have supported a verdict in favor of the defendant, employer. It is not questioned that the law courts properly have jurisdiction of the action at law on the contract and of the matters set up by way of defense and counterclaim. *Seeley v. Dunlop*, 157 Md. 378, 146 A. 271; *Wisner v. Wilhelm*, 48 Md. 1.

What the appellant argues is that its claim, because of its complexity, can be more effectively pursued in equity, and that may be correct, but that is not the sole consideration in deciding where the matters between the parties should be settled. The appellee first sued at law on her decedent's con-

tract, as she should have done, as that is the only tribunal to which she could go. The appellant's only defense was that Braun, the appellee's decedent, had not performed his part of the contract by rendering his employer diligent and faithful service, and thus had forfeited the right of his estate to collect or recover the equivalent of a year's salary. At the trial of the case at law, and in the bill in equity, such want of faithfulness and diligence is set up by charges of appropriation to his use by Braun of over $4,800 paid by customers of the appellant, and this court held on the first appeal that this, if proved, is an adequate defense. The appellee, on the other hand, contends that her right, as the one who makes the attack, can only be asserted by her at law, where she is entitled to a trial by jury (Const., art. 15, sec. 6), and that to transfer the suit from a court of law to a court of equity in order that the appellant might, with more confidence, make its defense, would be arbitrary, unreasonable, and is unnecessary, as the assertion of the claim of the appellant that Braun appropriated its funds to his use is the only defense on the facts so far disclosed by it.

No persuasive reason having been advanced for an injunction to restrain the prosecution of the suit at law on the contract, there is no question in our minds that it should be allowed to remain where it is. With the only defense disclosed to that suit being the complicated accounts, juggled, as alleged, by Braun, to yield to the alternative suggestion that the suit on the contract remain where it is, and an accounting be had in equity, would mean that the accounts be threshed out twice, once in resisting the appellee's suit, and again in setting up in equity a counterclaim to the appellee's claim at law. We might then have two competent tribunals, in a perfectly orderly way, reaching diametrically opposite conclusions in the same controversy, and both be legally right.

The appellant in its brief says that, though the chancellor did not render an oral, or file a written, opinion, the decision must have been inspired by the case of *Home Life Insurance*

*Co. v. Selig,* 81 Md. 200, 31 A. 503, 504, where this court, affirming the action of the chancellor in refusing an injunction to restrain the prosecution of an action at law, adopted the doctrine as stated in *Pomeroy's Eq. Jur.,* sec. 1363: "That in cases of this kind, where the primary rights of both parties are legal, and courts of law will grant their remedies, and courts of equity may also grant their peculiar remedies, equity will not interfere to restrain the action or judgment at law, provided the legal remedy will be adequate; that is, provided the judgment at law will do full justice between the parties, and will afford a complete relief. The adequacy or inadequacy of the legal remedy is the sole and universal test." *Payson v. Lamson,* 134 Mass. 593, 45 Am. Rep. 348.

There being no question of jurisdiction involved, the defense to the action at law being identical with the right sought in equity, the suit having been begun at law, it should there remain, as decreed.

*Decree affirmed, with costs.*