ROSE SCHWARTZ *v.* CHAPEL REALTY COMPANY

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued June 4—decided June 26, 1947

*Benjamin M. Chapnick,* for the appellant (plaintiff in error).

*T. Holmes Bracken,* for the appellee (defendant in error).

PER CURIAM.  The questions presented in this appeal are whether a party in a summary process action tried to a jury before a justice of the peace is entitled to more than one peremptory challenge, and whether there was error in the charge.

General Statutes, § 5577, is as follows:  "On the trial of any civil action, each party may challenge peremptorily four jurors, except in an action before a justice of the peace, when one juror only may be peremptorily challenged by each party."  The plaintiff in error contends that this rule does not apply to summary process actions and that the justice was in error in limiting her to one challenge.  The authority she cites in her brief in support of her claim relates to earlier statutes or different courts.  There is no ambiguity in the present statute.  It limits the peremptory challenges in any action before a justice of the peace to one for each party.

While the other assignment of error pursued in the brief of the plaintiff in error purports to be an attack upon the admission in evidence of the notice to quit possession, her counsel stated in oral argument that the claim relied upon was error by the justice in the submission to the jury of the question of adequacy of the notice.  The defendant in error has so treated it in its brief and we so consider it.

The bill of exceptions recites that the premises in question are a part of a large building containing an entrance to upper floors, which entrance is known as No. 1056 Chapel Street; that the next premises are those of the Roger Kent store and would be No. 1058; that next is the Christian Science reading room, which would be No. 1060, although

no number appears on the door; that then comes the plaintiff in error's store, on the transom over the door of which appears the number 1060; and that the city directory lists this store as No. 1060A, and a quantity of mail matter addressed to the plaintiff in error at No. 1060A reached her in due course. The plaintiff in error claims in her brief that the number of the premises was in fact 1060 and therefore the notice was necessarily defective. This claim is obviously based on the fact that the number 1060 appears over the door of the premises. Under the charter of New Haven it is the duty of the board of aldermen to provide for street numbering; 13 Spec. Laws 429; and presumably it has done so. The mere fact that a number appears over a door to certain premises does not conclusively establish that it is the correct number. Upon the basis of the evidence before the justice, he had no other recourse than to submit to the jury the issue whether or not 1060A was the proper number to insert in the notice; and this he did. While we cannot in all respects approve the charge, it is not open to objection on the ground that he should have ruled as matter of law that 1060 was the correct number.

There is no error.