L. REED PHILLIPS *v.* HERBERT L. MOELLER, JR., ET AL., TRUSTEES (ESTATE OF CONSTAND A. MOELLER), ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 5—decided July 6, 1960

*George W. Crawford,* for the appellants (defendants).

*Robert I. Berdon,* with whom was *David D. Berdon,* for the appellee (plaintiff).

KING, J. This is an appeal from a judgment of the Superior Court, as an appellate court of probate,

granting the plaintiff's motion to set aside, for lack of jurisdiction, a decree of the Probate Court for the district of New Haven accepting an annual account, for the calendar year 1957, filed by the trustees of a trust under the will of Constand A. Moeller. The corpus of the trust had been established prior to 1940 upon the settlement of the estate. There is no finding, and consequently certain facts assumed by the parties do not appear in the appeal record. We have decided, however, to take the case as presented by the parties. See *Schwartz* v. *Chapel Realty Co.*, 134 Conn. 100, 101, 55 A.2d 113; *Anselmo* v. *Cox*, 135 Conn. 78, 79, 60 A.2d 767; Maltbie, Conn. App. Proc. § 42. In so treating this appeal, we accept certain facts, in addition to the ones properly appearing of record, as though they had been incorporated in a proper stipulation or finding. The relatively few facts essential to an understanding of our decision may be rather briefly summarized.

The trustees, since the inception of the trust, had filed with the Court of Probate annual accounts, each covering a calendar year, as required by what is now § 45-268 of the General Statutes, and each such account had been accepted, approved and allowed, after notice and hearing under the provisions of what is now § 45-269. In accordance with this practice, in February, 1958, they filed an annual account covering the calendar year 1957. The Probate Court ordered a hearing, of which the plaintiff, L. Reed Phillips, as one of the numerous beneficiaries under the trust, received due notice. In July, 1958, before the date fixed for the hearing, Phillips instituted an independent equity action in the Superior Court seeking (a) an accounting from the trustees for substantially the entire period during which the trust had existed, including the calendar

year 1957, and (b) damages for alleged mismanagement of the trust. On October 13, 1958, Phillips filed in the Probate Court a plea to the jurisdiction, setting forth that he had brought an independent equity action in the Superior Court, returnable on the first Tuesday of August, 1958, "demanding an accounting which included the year of 1957," and that the Probate Court was thereby deprived of jurisdiction to take any action on the pending account for that year. The Probate Court, on November 19, 1958, allowed the account for the year 1957, and thus inferentially overruled the plea to the jurisdiction. Phillips then took the present appeal to the Superior Court. In his reasons of appeal, he claimed error in the action of the Probate Court in (a) taking jurisdiction of the annual account, and (b) accepting the account despite the fact it was inaccurate and reflected various improper expenditures. Neither branch of the appeal was ever really decided because on February 17, 1959, Phillips filed, in this appeal from probate, a motion to set aside the probate decree for lack of jurisdiction, and the court granted the motion.

In essence, the motion was based on the claim that the Probate Court had lost all jurisdiction of the trustees' accounting for the year 1957 upon the institution of the independent equity action in the Superior Court. The decision on the motion must be tested by its allegations. There were no allegations indicating that the independent action sought relief which the Probate Court was incompetent to give, as far as the 1957 account itself was concerned. *Dettenborn* v. *Hartford-National Bank & Trust Co.,* 121 Conn. 388, 391, 185 A. 82. The effect of the decision on the motion was to vacate the entire probate decree appealed from. The memorandum of deci-

sion discloses that the court acted in accordance with its understanding of the rule laid down in the *Dettenborn* case, supra, 393. That case differs vitally in a number of respects from the case here. There, the prior pendency of a hearing in the Probate Court on a final account of a testamentary trustee was claimed as a ground for abating an independent equity action brought in the Superior Court seeking (a) an accounting and (b) damages. Obviously, the Probate Court, and the Superior Court as an appellate probate court, was incompetent to award damages. Consequently, it was necessarily and properly held that the equity court was in error in sustaining a plea in abatement the effect of which was to abate the entire independent action because of the pendency of probate proceedings concerned with only the portion of the independent action embraced in the prayer for an accounting. Ibid. "To hold that where a [testamentary] trustee has filed his account in the Court of Probate and asked its allowance, the beneficiary, although cited into those proceedings, cannot thereafter bring an action in the Superior Court to recover damages for claimed breaches of trust by the trustee would necessarily narrow and restrict the beneficiary's rights to enforce the collection of the amount due him." Ibid. Whether the Superior Court would itself have stayed the independent equity action before it, pending the settlement of the account in the Probate Court, was not determined in the *Dettenborn* case, since no such relief was sought. See *First National Bank & Trust Co.* v. *McCoy*, 124 Conn. 111, 116, 198 A. 183.

In the *Dettenborn* case, a plea in abatement was filed in the independent equity action, which in that case, as in this, was the subsequent action. Here, however, no plea in abatement was filed in the in-

dependent equity action. The original plea to the jurisdiction and the motion to set aside the probate decree were filed in the probate proceedings and this appeal from probate. The *Dettenborn* case in no way supports the action taken here, even had the motion granted been in the form of a plea in abatement, which is the proper method of raising the claim of a prior action pending. Such a plea is filed in the second suit, not in what was essentially the first proceeding, as was done here. *Dettenborn* v. *Hartford-National Bank & Trust Co.*, supra, 392; *Cole* v. *Associated Construction Co.*, 141 Conn. 49, 56, 103 A.2d 529; 1 Am. Jur. 31, § 21. Nor does the mere institution of an action in another tribunal ordinarily oust a court of jurisdiction to entertain a prior action pending before it and proceed to judgment in that action. See *Johnson & Higgins, Inc.* v. *Simpson*, 165 Md. 83, 85, 166 A. 617. The pendency of an action may be a ground for abating a second action, but the bringing of an action is not a ground for abating a prior action or for vacating it for lack of jurisdiction. *Eastman* v. *Curtis*, 1 Conn. 323, 329; *Wallace* v. *McConnell*, 13 Pet. (38 U.S.) 136, 151, 10 L. Ed. 95; *Renner & Bussard* v. *Marshall*, 1 Wheat. (14 U.S.) 215, 217, 4 L. Ed. 74; *Welch* v. *Sage*, 47 N.Y. 143, 150; *Wood* v. *Lake*, 13 Wis. 84, 91.

It is true that the jurisdiction of probate courts over testamentary trusts is purely statutory and that equity still has jurisdiction of them except as exclusive jurisdiction may have been given by statute to the probate courts. But the jurisdiction of the probate courts over these trusts has been extended through the years. *DeLadson* v. *Crawford*, 93 Conn. 402, 405, 106 A. 326; *Prindle* v. *Holcomb*, 45 Conn. 111, 123. Thus, the provision as to notice in what is now § 45-269, where, as here, it was fol-

lowed, removes the real basis for the decision in *Parsons* v. *Lyman,* 32 Conn. 566, 573. The enactment of what is now § 45-263 conferred on probate courts the right to remove a testamentary trustee for neglect in performing the duties of his trust. *Peck* v. *Searle,* 117 Conn. 573, 583, 169 A. 602. And the enactment of what is now § 45-265 granted to the probate courts the equity power to compel a fiduciary who has been removed to deliver any estate in his hands to his successor. *State* v. *Glen Falls Indemnity Co.,* 120 Conn. 178, 181, 179 A. 823. These three statutes go far toward removing the basis for the decision in *Prindle* v. *Holcomb,* supra, 124, which sharply limited the jurisdiction of the probate courts in acting on annual accounts of testamentary trustees.

Even before the decision in the *Dettenborn* case in 1936, a probate court had some jurisdiction, concurrent with that of a general equity court, over an ordinary annual account of a testamentary trustee. 2 Locke & Kohn, Conn. Probate Practice, p. 652. After that, the jurisdiction of the probate courts over such accounts was further strengthened by the enactment of § 1304e of the 1939 Cumulative Supplement and § 690f of the 1941 Supplement. *Griffin* v. *Sturges,* 131 Conn. 471, 482, 40 A.2d 758. The present law, including these changes, now appears in §§ 45-267, 45-268 and 45-269 of the General Statutes. See also § 45-54. Despite these statutory extensions of the jurisdiction of probate courts over the accounts of testamentary trustees, it may be true that their jurisdiction, although concurrent, is, in at least three respects, not coequal with that of the Superior Court when it is exercising its general equity powers over testamentary trusts. In the first place, the Superior Court alone, under the rule of cases such as

the *Dettenborn* case, supra, 393, possesses the power to award money damages if an accounting indicates that damages are due. Secondly, there is a restriction, under the rule of cases such as *McDonald* v. *Hartford Trust Co.,* 104 Conn. 169, 190, 132 A. 902, and *DeLadson* v. *Crawford,* supra, 406, on the power of the probate courts finally to determine certain relatively complex legal questions which pertain to the validity or construction of trust instruments and yet are not necessarily involved in the exercise of powers expressly conferred on the Probate Court. See 1 Locke & Kohn, Conn. Probate Practice §§ 77, 216, and cases such as *Beach* v. *Norton,* 9 Conn. 182, 200. The third difference grows out of the fact that the approval of an ordinary account of a testamentary trustee does not, under the rule of cases such as *Clement's Appeal,* 49 Conn. 519, 534, constitute an adjudication of any matter not apparent on the face of the account or actually litigated in the Probate Court. See 1 Locke & Kohn, op. cit., § 216.

To what extent the second and third of these possible differences still exist in view of the statutory enlargement of the jurisdiction of the probate courts over accounts of testamentary trustees, it is unnecessary to determine. For present purposes, it is enough to point out that none of the three jurisdictional differences, nor all three in combination, can operate to leave a probate court without any jurisdiction over the annual accounts of such trusts. The statutory jurisdiction of a probate court over the ordinary annual accounts of testamentary trustees is at least concurrent with that of the Superior Court as a court of equity. *Dettenborn* v. *Hartford-National Bank & Trust Co.,* 121 Conn. 388, 391, 185 A. 82. Thus, there was not the total absence of jurisdiction which alone could justify the granting

of the motion vacating the decree of the Probate Court here. The effect of the granting of the motion by the Superior Court as an appellate court of probate was to leave the account for the calendar year 1957, filed in compliance with the mandate of § 45-268 of the General Statutes, lying dormant in the Probate Court forever, as far as appears, with no power in that court to accept, reject or otherwise act on it. See *Dettenborn* v. *Hartford-National Bank & Trust Co.,* supra. The decision of the court below was erroneous.

While this disposes of the present appeal, we point out, in an endeavor to expedite the further proceedings, certain considerations which may prove helpful. It may be that because of the inability of the probate courts to grant as complete relief as a court of equity, that court, that is, the Superior Court in the independent action, may properly proceed despite the prior pendency of probate proceedings. *Dettenborn* v. *Hartford-National Bank & Trust Co.,* supra, 393. It may be, also, that the Superior Court, as a court of general equity jurisdiction, could enjoin further proceedings in the Probate Court in order to prevent unnecessary duplication and to preserve the full advantages of the equitable remedy. See 1 C.J.S. 647, § 15; *Grammer* v. *Greenbaum,* 146 App. Div. 3, 4, 130 N.Y.S. 569; *Barnes* v. *Midland Railroad Terminal Co.,* 153 App. Div. 365, 138 N.Y.S. 546; *Johnson & Higgins, Inc.* v. *Simpson,* 165 Md. 83, 89, 166 A. 617. The granting of an injunction would rest in the sound discretion of the court and should depend, in the final analysis, upon whether the probate proceedings would interfere with the determination of the rights of the parties in the equity action or whether, as seems more likely in a case such as this, they would serve to facilitate

that determination. See *First National Bank & Trust Co.* v. *McCoy,* 124 Conn. 111, 116, 198 A. 183, indicating that in a proper case the court in which the independent equity action is brought might properly stay its own proceedings pending the determination of the proceedings in the Probate Court. It may also be that a request for a voluntary stay of the probate proceedings awaiting the outcome of the equity action could properly be granted by the Probate Court without forcing the parties to seek the remedy of an injunction from the equity court. See 1 C.J.S. 1405, § 132; *Marietta* v. *Columbia Telephone Co.,* 29 Pa. Dist. 32, 33; *Hammond* v. *Baker,* 3 Sandf. (N.Y.) 704, 705. As a general proposition, however, an injunction in the equity court or a stay by it of its own proceedings, rather than a voluntary stay in the Probate Court, would probably best serve the ends of justice, since the equity court would be in a better position to determine whether its proceedings would be facilitated or impeded by the completion of the probate proceedings.

In summary, the remedy against duplication and interference from the simultaneous exercise of jurisdiction by courts of concurrent, though not coequal, jurisdiction where, as here, the second action is brought in the court of the greater jurisdiction, is (a) by procedure in the court in which the second action is brought, as by the granting of a plea in abatement or by a stay by the court of its own proceedings, or, in exceptional situations, by the enjoining of the first proceedings until the second are determined, or (b) by procedure in the court in which the first action was brought, as by the granting of a voluntary stay of its own proceedings. Here, there was no action in the second case, the independent equity action, and it is apparent from

the terms of the present judgment that the granting of the motion to set aside the probate decree did not operate as a voluntary stay of the judicial settlement of the account on appeal but, on the contrary, erroneously ousted the Probate Court, as well as the Superior Court as an appellate court of probate, of jurisdiction to act on the account at all.

There is error, the judgment is set aside, and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.