[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On December 13, 1991, the plaintiffs, Paul Zanoni and Rosalie Benny Zanoni, filed this one count pro se action for an accounting against the defendant, Patricia Cross. The plaintiffs allege in their complaint that Helen Benny granted a durable power of attorney to Cross in July, 1980. (Complaint, para. 1). The plaintiffs claim that from July 8, 1980 through February 2, 1989, the period in which the power of attorney was in force, Cross sold stocks, closed savings accounts, closed certificates of deposit, converted the use of real property to her benefit, disposed of personal property and collected dividends, interest and social security benefits belonging to Helen Benny. (Complaint, para. 5). The plaintiffs also allege that Cross removed personal property belonging to Paul Zanoni from Helen Benny's residence and has refused to return it or account for its disposition. (Complaint, para. 10). The plaintiffs further allege that Helen Benny died on August 7, 1989, and thereafter, on September 25, 1989, Rosalie Benny Zanoni was confirmed as executrix of Helen Benny's estate, and "henceforth made multiple demands upon Defendant for an accounting." (Complaint, paras. 6, 7). The plaintiffs claim that Cross "has refused to make an accounting and has refused to pay over accounts owing to the estate to the Fiduciary." (Complaint para. 8). The plaintiffs seek, by way of equitable relief, an accounting of the property of Helen Benny, an accounting of the use made of the real property of Helen Benny during the pendency of the durable power of attorney, an accounting of CT Page 2975 the personal property of Paul Zanoni removed from the residence of Helen Benny, and judgment for the amount found due on such accounting.
On January 13, 1992, defendant Cross filed a motion to dismiss on the ground that this court lacks subject matter jurisdiction over this action, accompanied by a memorandum of law in support thereof. Pursuant to Practice Book 143, the plaintiffs filed a memorandum in opposition to the defendant's motion on January 14, 1992, accompanied by exhibits.
A motion to dismiss is the appropriate vehicle to challenge the subject matter jurisdiction of the court. Practice Book 143. Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Gurliacci v. Mayer, 218 Conn. 531, 542, 590 A.2d 914
(1991); LeConche v. Elligers, 215 Conn. 701, 709,579 A.2d 1 (1990). Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of the power. Castro v. Viera,207 Conn. 420, 427, 541 A.2d 1216 (1988). Every presumption favors the jurisdiction of a court. Monroe v. Monroe,177 Conn. 173, 177, appeal dismissed, 444 U.S. 801,100 S.Ct. 20, 62 L.Ed.2d 14 (1979); see Gurliacci v. Mayer, supra, 543.
The defendant argues that the probate court, not the superior court, has subject matter jurisdiction pursuant to General Statutes 45a-175, over actions for an accounting. The defendant maintains that "[t]he grounds upon which the instant Complaint is [sic] based is [sic] exclusively the domain of the Court of Probate and, as such, the Superior Court should dismiss this Complaint." (Defendant's Memorandum in Support of Motion to Dismiss, p. 3).
The plaintiffs argue that this action is an action in equity for an accounting as authorized by General Statutes52-401 and that the jurisdiction of the superior court and the probate court over such actions is concurrent. The plaintiffs claim that "[t]he jurisdiction of the probate court is permissive and the Defendant did not avail herself of this option," and that "[t]he jurisdiction of this court is in no way diminished by the action of the probate court." (Plaintiffs' Memorandum in Opposition, p. 2).
General Statutes 45a-175 (a) provides, in pertinent part, that, CT Page 2976
 [c]ourts of probate shall have . . . to the extent provided for in this section, . . . jurisdiction of accounts of the actions of . . . attorneys-in-fact acting under powers of attorney created in accordance with section 45a-562.
General Statutes 45a-175 (b) provides, in pertinent part, that,
 an attorney in fact or the grantor of such power of attorney may make application to the court of probate . . . for submission to the jurisdiction of the court of an account for allowance of the. . . attorney's actions under such . . . power.
(Emphasis added).
General Statutes 52-401 through 52-405, entitled "Actions for Accounting," provide the procedures to be followed when a judgment is rendered against a defendant for an accounting. Donahue v. Barnes, 6 Conn. Cir. Ct. 64, 65, 265 A.2d 87 (1969), petition denied, 158 Conn. 656,259 A.2d 139 (1969). General Statutes 52-401 provides that "[i]n any judgment or decree for an accounting, the court shall determine the terms and principles upon which such accounting shall be had."
"The action of account as recognized by our statutes . . . is the common law action of account somewhat amplified." Kane v. Kane, 120 Conn. 184, 188, 180 A.2d 308
(1935). In an action for an accounting,
 the court does not go into the items of the account but only pleas attacking the right of the plaintiff to have an accounting are permitted . . . The judgment of the court in an action for an accounting is, if an issue is pending raising the right of the plaintiff to have it, that there be an accounting, which then is taken in accordance with the provisions of the statutes.
Id., 188-89; see Donahue v. Barnes, supra.
"Whatever jurisdiction over . . . claims [which properly come within any of the recognized subjects of equitable jurisdiction, and whose ascertainment, protection, or enforcement, fall within any equitable remedy], has been given by statute to the Court of Probate is concurrent with that of our general court of equity unless the statute has plainly expressed a contrary purpose." McDonald v. CT Page 2977 Hartford Trust Co., 104 Conn. 169, 189-90, 132 A. 902
(1926); see also Preston v. Preston, 102 Conn. 96, 121,128 A. 292 (1925).
 Prior to 1963 the Superior Court, as the only court of general equitable jurisdiction, had exclusive jurisdiction over the final settlement of the accounts of inter vivos trusts. See Preston v. Preston, [supra] . . . The enactment of an amendment to General Statutes 45-267 [now 45a-175] providing that such accounts "may" be submitted to the Probate Court was intended to give the probate courts jurisdiction over the subject matter concurrent with the Superior Court, as in the case of testamentary trusts. Public Acts 1963, No. 480; see Phillips v. Moeller, 147 Conn. 482, 489
[163 A.2d 95 (1960)]. It was not intended to oust the Superior Court of its historical jurisdiction in this field, nor could such a result be achieved by legislation alone. Walkinshaw v. O'Brien, 130 Conn. 122, 142 [32 A.2d 547 (1943)].
Second Nat. Bank of New Haven v. Harris Trust Savings Bank, 29 Conn. Sup. 275, 288, 283 A.2d 226 (Super.Ct. 1971).
Nothing in General Statutes 45-175 indicates that jurisdiction over actions for an accounting rests exclusively with the probate courts. Section 45-175 (a) merely provides that the probate courts "shall have . . . jurisdiction . . ." and section 45a-175 (b) merely provides that an attorney-in-fact or the grantor of such power of attorney "may make application to the court of probate . . . ." (Emphasis added). While the language of section 45a-175 clearly bestows jurisdiction upon probate courts to handle accounts of the actions of attorneys-in-fact acting under powers of attorney, nothing in the language of this section evidences any intention to abrogate the jurisdiction of the superior court over actions for accountings. We conclude that the jurisdiction of the probate court and the superior court in such cases is concurrent. Therefore, this court has subject matter jurisdiction over the plaintiffs' action for an accounting. Accordingly, the defendant's motion to dismiss is denied.
MARY R. HENNESSEY, JUDGE CT Page 2977-A
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 2978